# Geo. Pacific Railway Co. *v.* Love.

*Action by Passenger against Railroad Company, for Damages on account of Personal Injuries.*

1. *Personal injury to passenger; burden of proof as to negligence.*—In an action to recover damages for personal injuries sustained by plaintiff while travelling as a passenger on defendant's road, caused by another car violently colliding with that in which he was riding, a charge instructing the jury that, "in the absence of all explanation, the law presumes that the injury was caused by the negligence of the defendant, and casts upon the defendant the burden of overcoming that presumption, or of showing by the evidence that diligence and careful observance of duty could not have prevented the injury,"

asserts a correct general proposition; and if it had a tendency to mislead, an explanatory charge should have been asked. (The principle announced in *L. & N. Railroad Co. v. Jones*, 83 Ala. 376, "is, perhaps, stated too broadly, and is not of universal application.")

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Isaac T. Love against the appellant, a domestic corporation, to recover damages for personal injuries sustained by plaintiff while travelling as a passenger on the defendant's road; and was commenced on the 8th June, 1887. There was a demurrer to the complaint, on the ground that the acts of negligence were not stated with sufficient certainty and definiteness; and the demurrer having been overruled, issue was joined on the plea of not guilty, and the plaintiff had a verdict and judgment for $500. The evidence adduced on the trial showed that, at the time of the accident, the defendant's road was only completed between Birmingham and a station about twenty-five or thirty miles distant, called *Little Warrior;* that no passenger trains were running on the road, but a caboose for the accommodation of passengers was attached to freight trains; that plaintiff was on a train going from Birmingham to Little Warrior, and was in the caboose with six or eight other passengers; that there was only one chair in the car, but several boxes or benches were arranged around the sides for the accommodation of passengers; that the train stopped at a pump-house, or water-tank, two or three miles from Birmingham, for the purpose of taking on another freight car, which was standing on a side-track; that most of the passengers got out, but plaintiff, one Morgan and another remained in the car; that the engine was run back to the switch for the other car, and when brought back that car struck the caboose with such force that plaintiff, who was looking through the window of the side-door, was thrown to the floor of the car, Morgan falling over him, and sustained the injuries for which he sued. R. A. Hardy, a witness for the defendant, who was a flag-man on the train, testified that the cars came together with no more force than usual in making connections on freight trains, and that he passed through the caboose, just before the train struck it, and told the passengers to sit down; but plaintiff and Morgan each testified, that they did not hear such remark, and did not see Hardy pass through the caboose. This being the substance of the evidence, all of which the bill of exceptions purports to state, the court charged the jury, on request of the plaintiff, as follows: "If the jury believe from the evidence that plaintiff was a passenger on defendant's train, and was injured while such passenger as alleged in the

28

complaint, the law presumes, in the absence of all explanation, that the injury was caused by the negligence of the defendant, and casts upon the defendant the burden of overturning that presumption, or of showing by the evidence that diligence and careful observance of duty could not have prevented the injury." The defendant duly excepted to this charge, and it is here assigned as error.

JAMES WEATHERLY, for appellant, cited Hutchinson on Carriers, §§ 798–801; Patterson's Railway Law, §§ 375–6.

HEWITT, WALKER & PORTER, contra, cited L. & N. Railroad Co. v. Jones, 83 Ala. 376.

STONE, C. J.—In Louisville & Nashville R. R. Co. v. Jones, 83 Ala. 376, a case of alleged personal injury to a passenger, we said: "If injury is suffered at the hands of a common carrier, the law, in the absence of all explanation, presumes it was the result of the carrier's fault, and casts on the latter the burden of overturning the presumption, or of showing that diligence and a careful observance of duty could not have prevented the injury." In that case, the coach in which plaintiff's intestate was being carried, was derailed, and thrown from the track, the derailment being caused, either by one of the wheels becoming loose on the axle, or by the sinking of a cross-tie, and consequent depression of the track at that point. If the derailment was caused in either of these ways, it resulted from imperfection or derangement of the machinery or plant; and in such cases, the rule of *prima facie* negligence applies.—Hutchinson on Carriers, §§ 800–1; Railway Accident Law, § 375. The case of S. & N. R. R. Co. v. Bees, 82 Ala. 340, was for an injury to stock, and the same rule of presumed negligence applies in cases of that class.

The extract copied above from L. & N. R. R. Co. v. Jones, although correct in that case, and in many others, is not of universal application. See Hutchinson on Carriers, §§ 799-801; Railway Accident Law, § 376. The principle is, perhaps, stated too broadly.

*Railroad Co. v. Pollard*, 22 Wall. (U. S.) 341, was very like the present one in its facts. In that case, the trial court had charged the jury: "That while the plaintiff was bound to satisfy the jury that the injury was caused by the negligence of defendant, if, from the evidence, the jury were satisfied that the injury was occasioned while Mrs. Pollard was a passenger on defendant's road, and that she was in the exercise of ordi-

[Highland Avenue & Belt Railroad Co. v. Walters.]

nary care, namely, that degree of care which may be reasonably expected from a person in her situation, this would be *prima facie* or presumptive evidence of the defendant's liability; and that the plaintiff would not be required to show by what particular acts of misconduct or negligence on the part of the defendant the injury was occasioned." The case was affirmed, Waite, C. J., delivering the opinion, and holding there was no error in the charge we have copied. So, in the case of *Dougherty v. Missouri Railroad Co.*, 81 Mo. 325; s. c., 21 Amer. & Eng. R. R. Cases, 497—also a case much like this —a similar doctrine was announced. The court said, "that where the vehicle or conveyance is shown to be under the control or management of the carrier or his servants, 'and the accident is such as, under an ordinary course of things, does not happen if those who have the management use proper care,' it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

It may be that the charge given had a tendency to mislead the jury; and it may be that some explanation, if asked, should have been given. We can not know it was not given. The charge excepted to expresses a correct general proposition, and we can not assume that it misled the jury. The City Court did not err in the charge given and excepted to.

There is nothing in the other questions.

Affirmed.