J. A. GOODRICH, Appellant, v. THE MUSGRAVE FENCE and AUTO Co., Appellee.

**Principal and agent:** MASTER AND SERVANT: RELATIONSHIP: EVIDENCE. One in possession and use of an automobile under circumstances looking to its purchase by him, and not under the direction of the seller in the matter of its use, is neither the agent nor servant of the seller in such sense as to render him liable for damages

caused by the prospective purchaser while operating the machine, although there may have been an agreement that he was to have a commission on sales made by him.

*Appeal from Polk District Court.*—Hon. W. H. McHenry, Judge.

Friday, March, 15, 1912.

Action at law to recover damages for personal injury. There was a directed verdict and judgment for the defendant, and plaintiff appeals.—*Affirmed.*

*H. L. Bump*, for appellant.

*Dunshee & Haines*, for appellee.

Weaver, J.—An automobile driven by one Crell and another driven by the plaintiff collided upon one of the streets of the city of Des Moines, with the result that plaintiff's car was broken and injured. The circumstances of the collision were sufficient to justify a finding that it was occasioned by the negligence of Crell, and without contributory negligence on plaintiff's part. This action is brought to recover damages from the Musgrave Fence & Auto Company on the theory and claim that at the time of said occurrence Crell was the agent or employee of the defendant in the operation of the car by which the injury was inflicted. The only witnesses having knowledge of the actual relations between these parties were Crell himself and Musgrave, the president of the defendant company.

Crell's story is to the effect that he had had some talk with defendant about buying the car, but had not yet agreed to do so. He explains his possession by saying that several days before the accident he had some negotiation with Musgrave about selling cars for him upon an agreed

rate of commission. Crell informed Musgrave he had found two prospective purchasers at Indianola, and was then told by him to take the car and go to Indianola, and see what he could do about securing these orders. After making the trip to Indianola on Thursday, Crell does not appear to have returned the car to Musgrave, but retained its possession until Sunday, when the collision occurred. He then had in the car a party of several persons whom he was driving about town for pleasure, though with the hope of securing one of them as a customer. So far as shown, no authority or direction had been given him by Musgrave to keep the car in his possession after the return from Indianola, and no request or suggestion that he take it out or use it on Sunday, the day of the accident. Taking his own statement for it, we think it very clear that in using the car at the time in question he was neither the agent nor the servant of the defendant, and the latter was in no sense of the word responsible for the manner in which he used it.

If we look to the testimony of Musgrave, it is even more unfavorable to plaintiff's right of recovery. He says that Crell had the car in question under an oral agreement of purchase, and that, while there was an agreement between them whereby Crell should have a commission upon sales he might make, he was in no manner subject to the defendant's orders or directions as to the use of the car.

Giving the testimony its most favorable construction for the plaintiff, it will not support a finding that the relation of principal and agent or master and servant existed between the defendant and Crell. There was no error in directing a verdict for defendant.—*Affirmed.*