JOSEPH A. DOYON, RESPONDENT, v. MASSOLINE MOTOR
CAR COMPANY, APPELLANT.

Argued November 21, 1922—Decided March 5, 1923.

1. The M. Motor Car Company sent to the home of M., a prospective purchaser, an automobile for demonstration. H., a licensed driver, was in charge of the car. M., who had a permit to drive, asked, during the demonstration, to operate the car, the operation of a car by a prospective purchaser during a demonstration being customary. He gave his consent and sat beside M., directing M.'s operation of the car. The car struck a motorcycle. In an action for damages against the M. Motor Car Company, the trial court charged that there was no question for the determination of the jury as to the responsibility of the defendant for the operation of the car, as it made no difference whether H. or M. was operating the car at the time of the accident. This statement in the charge *held* correct.

2. M. desired to purchase a used car of the M. Motor Car Company and made a deposit of $50. M.'s wife had loaned the M. Motor Car Company $500. A car was being demonstrated to M. when an accident occurred. At the time of the accident, M. had not purchased the car or signified his desire to purchase it. It was still the property of the M. Motor Car Company. The trial court charged in an action against the M. Motor Car Company for negligence that there was no question under the evidence for the determination of the jury regarding the ownership of the automobile. This statement in the charge *held* correct.

3. No question for the jury arises where the facts are uncontroverted unless from the facts conflicting inferences may be drawn.

4. After stating to a jury that violations of the Motor Vehicle act and Traffic act do not of themselves constitute negligence, it was not error to charge the jury that "these acts, these statutes, constitute warnings to people operating motor vehicles that it is dangerous to act other than in accordance to those statutes, those rules, which the legislature has laid down for the guidance of the drivers of motor vehicles, and danger reasonably to be foreseen is a test of negligence."

On appeal from the Supreme Court.

For the respondent, *William K. Flanagan.*

For the appellant, *Frank G. Turner.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the Supreme Court rendered in an action at law based on negligence. The case was tried at the Essex Circuit. The plaintiff below, Joseph A. Doyon, was riding a motorcycle south on Broad street in the city of Newark. As he was approaching an intersecting street, known as Clark street, he observed an automobile coming north on Broad street. The plaintiff continued south on Broad street and had passed beyond the centre of the intersection of Clark street when the driver of the automobile turned the automobile west into Clark street, striking the motorcycle and severely and permanently injuring the plaintiff. The trial resulted in a verdict for the plaintiff.

There are numerous grounds of appeal, but two only are argued in the appellant's brief. The first ground challenges the correctness of the conclusion of the trial court that there was no question for the determination of the jury either regarding the ownership of the automobile which occasioned the accident or the responsibility of the defendant for the operation of the automobile at the time of the accident. The second ground of appeal argued by the appellant questions the soundness of that portion of the court's charge which dealt with the effect of violations of the Motor Vehicle and Traffic acts.

To consider the first argued ground of appeal requires a *resumé* of the evidence relating to the ownership of the car and its operation at the time of the accident. One John Musante, had, some few days prior to the accident, approached the defendant, the Massoline Motor Car Company, for the purpose of purchasing a used automobile. He paid a deposit of $50. He had made no determination of the make or style of car he desired. A roadster was demonstrated to him. This was not satisfactory. A Chandler touring car was then sent to him for trial. This made a sufficiently good impression on Musante to warrant the defendant in making a second demonstration of the car. On the

day of the accident the defendant sent the car to the home of Musante under the charge of a licensed driver, Andrew Hvozdik, who drove Musante and some of his relatives from Jersey City to Bayonne. Musante, who had a permit to drive, asked permission of Hvozdik to drive the car on the return trip, which was granted. Upon reaching his home, Musante expressed a desire to show the car to a friend living on Ridge street in Newark. Musante then drove the car to Newark; Hvozdik sat alongside of him. It was at this time the accident occurred. Mr. Massoline, the president and treasurer of the defendant company, testified that the car was owned by the defendant company and at the time of the accident had not been purchased by Musante; that he had instructed Hvozdik to demonstrate to Musante the car, which included driving him and explaining to him the mechanism of the car. He further said that the ordinary demonstration of a car often calls for the driving of the car by the prospective purchaser. When so driven the demonstrator sits alongside of the prospective purchaser and directs the operation of the car. This was the purpose for which Hvozdik was sent with the car. The testimony of Hvozdik as to his duties as demonstrator was the same as that of Mr. Massoline.

Notwithstanding the testimony of both Musante and Hvozdik that Musante was driving the car at the time of the accident, the plaintiff's witnesses testified that at the time of the accident the car was being driven by the light-haired man in the car, who was Hvozdik, and not the dark man (Musante).

It also appeared from the testimony that besides the deposit of $50 made by Musante, Mrs. Musante had a credit of $500 for money loaned to the defendant company. Massoline, however, testified that the application of this credit to the purchase price of the car was never mentioned.

This was the evidence on the subject of the ownership of the car and the responsibility for its operation at the close of the case. The court denied the defendant's motion to

direct a verdict and held that there was no question for the determination of the jury as to the ownership or operation of the car at the time of the accident and on these subjects charged the jury as follows: "As you have heard the court already direct, it makes no difference which one of these men, Musante or Hvozdik, was operating this automobile, because the automobile was being demonstrated by Hvozdik for Musante who was the possible or probable purchaser of that automobile. Hvozdik was a licensed driver; Musante had a permit, and the automobile was being driven under the direction and guidance of Hvozdik, who was the employe of the defendant in this case. So the circumstances in this case are such that if either Hvozdik or Musante was negligent in the operation of this automobile, the defendant is responsible for that negligence."

To this portion of the charge an exception was taken.

No question for a jury arises where the facts are uncontroverted unless from the facts conflicting inferences may be drawn.

On the subject of the ownership of the car there was no conflicting evidence. The car was admittedly the property of the defendant. It was being demonstrated at the time of the accident to a prospective purchaser, Musante. He had not bought it. He had not as yet signified his satisfaction with the demonstration. He had expressed no desire to purchase the car. The minds of the defendant's representative and Musante had not met on the price or terms of payment. There had been no transfer of title. In fact, none of the essentials of a sale existed in what had transpired up to the time of the accident. The fact that a deposit of $50 had been made by Musante upon the purchase price of a car he might ultimately purchase, and that his wife had loaned the defendant company $500, which Musante might or might not be able to persuade his wife to apply on the payment of a car if purchased, was not evidence which justified the submission by the trial court to the jury of the question as to whether or not Musante was the owner of the car. On the

question of ownership we think the trial court ruled properly. We also are of the opinion that the trial court ruled and charged the jury properly on the subject of the responsibility of the defendant for the operation of the automobile. Hvozdik, the demonstrator, was acting within the scope of his employment and in pursuance of the custom of his employer in permitting Musante to drive the car. It was a part of the demonstration. It was done to promote the sale of the car. Musante was driving under the direction of Hvozdik. So far as the defendant's responsibility was concerned it made no difference whether Hvozdik was driving the car or Musante, as under the circumstances each, when driving, was the agent of the defendant. That there was conflicting evidence as to whether Musante or Hvozdik was driving at the time of the accident made no difference on the subject of the defendant's responsibility for operation. It was therefore proper for the court to charge as it did on this subject.

The second ground of appeal argued for the appellant raises the question as to the legal soundness of the following portion of the court's charge: "* * *  A violation of the Motor Vehicle act and of the Traffic act does not of itself constitute negligence. These statutes carry their own penalties, but what our courts have said is this: these acts, these statutes, constitute warnings to people operating motor vehicles that it is dangerous to act other than in accordance to those statutes, those rules, which the legislature has laid down for the guidance of the drivers of motor vehicles, and danger reasonably to be foreseen is a test of negligence; * * *."

There was evidence that the car of the defendant was being driven at the time of the accident at an excessive rate of speed in violation of the provisions of the Motor Vehicle act. There was also evidence that in the turn to the west from Broad street into Clark street the provisions of the Traffic act were violated by not bringing the automobile, before making the turn, beyond the centre of the intersecting street, Clark street.

The appellant contends that the learned trial court, by this language, made the violation of the statute the test of negligence and that the effect of the language used was to practically eliminate from the consideration of the jury the question of contributory negligence.

The trial court was very careful to say that violations of the Motor Vehicle and Traffic acts did not of themselves constitute negligence. To say that the statutes constitute warnings to those operating motor vehicles that it is dangerous to act other than in accordance with those statutes is but stating a principle that has frequently received the approval of this court.

These penal statutes give no private right of action in cases where injuries have resulted from their operation but they may affect private rights upon common law principles applicable to actions of negligence. In the case of *Chiapparine* v. *Public Service Railway Co.*, 91 *N. J. L.* 581, it was held by this court that it was proper to say in a charge that the fact that the motorman failed to sound his signal bell as required by the Traffic act was a circumstance to be considered in deciding whether or not the motorman operated the car with reasonable care in the circumstances presented to him, but it is not controlling as to his negligence. The cases of *Evers* v. *Davis*, 86 *Id.* 196, and *State* v. *Schutte*, 88 *Id.* 396, are to the same effect.

We cannot see how this portion of the charge eliminated the question of contributory negligence. The trial judge fully covered this subject of contributory negligence in his charge so that the defendant had the full benefit of this defence.

The judgment below will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.