(123 So. 897)

**CRUSE–CRAWFORD MFG. CO. v. RUCKER.**

(6 Div. 157.)

Supreme Court of Alabama.   June 27, 1929.

Rehearing Denied Oct. 17, 1929.

Horace C. Wilkinson and Hugh A. Locke, both of Birmingham, for appellee.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

FOSTER, J. ▇ The doctrine has many times been stated in recent Alabama cases that when plaintiff, in a damage suit for the negligent operation of a car, proves that the car causing the damage was owned by defendant, the law raises an administrative pre-

sumption that the one who was operating it was the owner's agent, and was acting within the line and scope of his authority. Tullis v. Blue, 216 Ala. 577, 114 So. 185; Freeman v. So. Life & Health Ins. Co., 210 Ala. 459, 98 So., 461; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Toranto v. Hattaway (6th Div. 287), 219 Ala. 520, 122 So. 816.

■ And it is also frequently asserted that if the evidence in rebuttal of that presumption is without dispute, and leads to no doubtful inference, to the effect that the driver was *not* defendant's agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment, the affirmative charge is due defendant. Authorities, supra. See, also, McCormack Bros. v. Holland, 218 Ala. 200, 118 So. 387. This doctrine of an administrative (or mere) presumption has been applied to various situations for the reasons which make it applicable as stated above and with the same result. Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257; Ga. Pac. R. R. Co. v. Love, 91 Ala. 432, 8 So. 714, 24 Am. St. Rep. 927; L. & N. R. R. Co. v. Marbury Lbr. Co., 132 Ala. 520, 32 So. 745, 90 Am. St. Rep. 917; Farley v. M. & O. R. R. Co., 149 Ala. 557, 42 So. 747. It was pointed out *in those* cases that this is not an inference of fact, and that it has no intrinsic value as an inference, but that it serves in the place of evidence only until evidence to the contrary is adduced when it becomes functus officio.

■ The doctrine is also well known that an owner of a car is generally not liable for the consequences of the negligence of a bailee or borrower while so operating the car subject to exceptions not here material. Beville v. Taylor, 202 Ala. 305, 80 So. 370; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; 2 Blashfield Enc. of Auto. Law pp. 1320–1322; 2 Berry on Automobiles (6th Ed.) p. 1200.

■ In this case, the evidence without dispute shows that the car in question belonged to defendant; that a salesman of defendant with authority had been demonstrating the car to one Walker, as a prospective purchaser, and had taken a trip with him for that purpose, and returned to defendant's place of business, when the salesman gave Walker permission to drive off the car to his home to exhibit it to his wife. The testimony is that Walker "wanted to talk to his wife about it before he decided. I guess he told me he wanted to take the car, and wouldn't take the car until his wife saw it: I assumed that he wanted to talk to his wife. There is nothing uncommon about that; it is very common for them to do that. I told him to take it out and show it to his wife, ride in it, and when he got through to come back; that was the substance." In another place the witness said, "he said he would like to talk it over

with his wife and drive over and talk with his wife about it." While Walker was away with it, after such permission was granted, the collision occurred.

Appellee invokes the doctrine that a demonstrator of a car for a dealer, in order to effect a sale, is the agent of the dealer in so doing, and the dealer is responsible for his negligent conduct while so engaged. This argument finds support in some of the authorities, and may be sound. Berry on Automobiles (6th Ed.) p. 1196, § 1429. But the doctrine cannot be applied when the salesman in its demonstration intrusts the car to the prospective purchaser (for his own purposes, unless he was unfit to be so trusted, and the salesman, with knowledge of such unfitness, was negligent in so doing) while the prospect is so operating it out of the presence and supervision of the salesman. 2 Blashfield Enc. of Auto. Law, p. 1323; Goodrich v. Musgrave Co., 154 Iowa, 637, 135 N. W. 58; Emery v. McCombs (Sup.) 167 N. Y. S. 474.

There are authorities to the effect that, if the salesman is in the car and permits the prospect to drive it, there may be liability for his negligence. 2 Berry on Auto. Law (6th Ed.) p. 1196, § 1427; Doyon v. Massoline Motor Car Co., 98 N. J. Law, 540, 120 A. 204; Wooding v. Thom, 148 App. Div. 21, 132 N. Y. S. 50. It is not necessary to treat that subject, because such is not the case here.

If we give full effect to the principles so asserted, we cannot agree with appellee that they are sufficient to sustain a finding of liability on the facts of this case. We do not think that the jury was justified in finding that the prospective purchaser was representing defendant in exhibiting the car to his wife if he was so engaged at the time of the collision. It was he and not his wife who was the prospective purchaser. That he was exhibiting (demonstrating, if the word suits better) the car to his wife, the only proper inference we think is that it was only for the purpose of determining whether he would purchase it. The fact that his wife should approve or disapprove the purchase was doubtless, as it usually is, one of the deciding factors controlling his decision; but its only office was personal to himself. The same principle of law would apply if the car had been intrusted to him to exhibit to a mechanic of his choice to advise as to its mechanical condition. In neither event do we think is he representing the seller in so doing, when it is only to satisfy himself as to whether he wishes to make the purchase.

There being no contradiction in the evidence, and the only conclusion from it being that the operator of the car was not defendant's agent, the presumption of such agency is rebutted and defendant, we conclude, was due the general charge.

We do not consider it appropriate to treat the other assignments of error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.