LIDTKA *v.* WAGNER.

1. MOTOR VEHICLES—LIABILITY OF OWNER—CONSENT OF OWNER.
   In order to render owner of automobile liable for negligence of
   driver under Act No. 56, Pub. Acts 1927, § 29, it is not neces-
   sary that particular driver be known to owner and his consent
   to such driver be given; implied consent being sufficient.

2. SAME—NEGLIGENCE OF PROSPECTIVE PURCHASER.
   Whether owner of automobile was liable for personal injuries
   resulting from collision while car was being driven by pros-
   pective purchaser in another city, to which salesman had taken
   it, *held*, under evidence, question for jury, although owner had
   no knowledge of said prospective purchaser and did not as-
   sent to his driving (Act No. 56, Pub. Acts 1927, § 29).

Error to Calhoun; Hatch (Blaine W.), J. Sub-
mitted January 22, 1931. (Docket No. 79, Calendar
No. 35,233.) Decided February 27, 1931.

Case by Ella Lidtka against Rufus R. Wagner
and others for personal injuries received in an auto-
mobile collision. Judgment for plaintiff. Defend-
ants bring error. Affirmed.

*John A. Wagner* and *R. G. Leitch,* for plaintiff.

*Rodgers & Dunn (Howard W. Cavanagh* and
*Walter P. North,* of counsel), for defendants.

POTTER, J. Plaintiff sued defendants to recover
damages resulting from an injury in an automobile
collision. Plaintiff, at the time of the injury, was
riding in an automobile with one Glenn Worth, an
automobile salesman in Battle Creek. While going

On validity of statute making owner liable for injury by auto-
mobile which was being used by another, see annotation in 45
L. R. A. (N. S.) 699; L. R. A. 1918A, 918; 61 A. L. R. 866.

in a westerly direction on U. S. 12 between Marshall and Battle Creek, the car in which plaintiff was riding was struck by a car driven by Ray Eagy, defendant, going east on U. S. 12 toward Marshall. The defendants Wagner Bros. operated a garage in Kalamazoo. They owned an Auburn automobile which they desired to sell. Their salesman, Mr. Lawrence, was acquainted with Mr. Badger at Battle Creek, who operated a garage, and asked him if he, Badger, knew of anyone who might be interested in this particular automobile. Lawrence was told by Mr. Badger that he, Badger, knew a party who might be interested in it, and Lawrence brought the car to Battle Creek from Kalamazoo, was introduced to Mr. John Eagy, a son of the defendant Ray Eagy, the prospective customer, who took the car and drove it and then took it back to the Badger garage in Battle Creek. The next day John Eagy, accompanied by his father, defendant Ray Eagy, went to Badger's garage where the salesman in charge told them to take the car out and try it. John Eagy was driving the car when they left the garage, but let his father, who desired to purchase a car, drive it, and, while the father was driving it, the accident occurred. The important question is whether or not the defendant Wagner Bros. may, under the circumstances, be held liable. It is well settled that it is not necessary a particular driver must be known to the owner of the car and his driving assented to by the other. *Kerns* v. *Lewis,* 246 Mich. 423. The statute, Act No. 56, Pub. Acts 1927, § 29, 1 Comp. Laws 1929, § 4648, provides:

"The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge.

"Implied authority is to be gathered from facts and circumstances, and is usually a question for the jury. When one invests another with general authority and discretion, and it is exercised in the due course and furtherance of the principal's business, the latter is not relieved from the consequences of a mistake of judgment of the agent, either as to the extent of his authority or the manner of exercising it, as against third persons, nor is the authority to be limited to the principal's unexpressed intention." *Kerns* v. *Lewis,* 249 Mich. 27.

We think there was sufficient evidence to take the case to the jury as to the defendant Wagner Bros. None of the other assignments of error are important. Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, SHARPE, and FEAD, JJ., concurred. NORTH, J., did not sit.