## BERTRAND et al. v. MUTUAL MOTOR CO.
### No. 852.

Court of Civil Appeals of Texas. Eastland.
April 17, 1931.

Rehearing Denied May 15, 1931.

Scarborough, Ely & King, of Abilene, for appellants.

Leachman & Gardere, of Dallas, for appellee.

HICKMAN, C. J.

Mrs. Lillian Bertrand suffered personal injuries as the result of an automobile collision at a street intersection in the city of Abilene. The car which she was driving collided with a car belonging to appellee, Mutual Motor Company, being driven by a prospective purchaser. This suit was instituted to recover damages on account of the injuries sustained. The case was submitted to a jury on special issues, all of which were answered in favor of appellants, and the damages assessed at $4,000. The only ground of liability pleaded was that the prospective purchaser was the agent of appellee for the purpose of demonstrating the car, and that, therefore, the doctrine of respondeat superior applies. After the verdict of the jury was received, the learned trial judge concluded that no liability was established and, notwithstanding the answers were favorable to appellants, rendered judgment for appellee. From this judgment an appeal has been perfected.

A fair statement of the controlling issue of law presented is made by appellants in the opening portion of their argument, as follows: "The question presented by this appeal, and the sole and only question, is whether an automobile dealer is liable for the negligent acts of a prospective purchaser while testing out a car to determine whether he will buy it. * * * Our contention is that an automobile dealer who demonstrates cars is liable for the injuries done by the car while in the course of the demonstration, whether it be in the hands of the prospective purchaser or some other agent. In other words, it is our contention that if a dealer delivers a car to a prospective purchaser to have same demonstrated, that he makes the prospective purchaser his agent for that special purpose."

The record does not present a case where any of the dealer's employees were riding with the prospective purchaser and in control of the demonstration. She was alone and controlling her own movements. Neither does it present a situation where the dealer was negligent in turning over a car to a person known to be a careless or incompetent driver. Negligence on that ground was neither pleaded nor disclosed by the evidence. On the contrary, the evidence discloses that she had had many years experience in driving automobiles of different makes, and there is no suggestion that the dealer had any reason to suspect that she was not a careful and competent driver. The quotation from the appellants' brief above set out correctly states the problem as narrowed down by the record before us, and if, as a matter of law, a prospective purchaser, who is testing a car with a view to becoming the owner thereof, is not the agent of the owner for the special purpose of demonstrating the car, then no case of liability is made against appellee.

418

We have been referred to no Texas case deciding the exact question here presented, although we think many could be cited deciding it in principle. There are, however, many well-considered opinions from other jurisdictions deciding the exact question. While the reasoning is not the same in all of these opinions, the conclusions reached are in harmony. A prospective purchaser cannot be the agent of the seller to demonstrate a car to himself. "The relation of agency is the consensual relation existing between two persons, by virtue of which one of them is to act for and in behalf of the other and subject to his control." Restatement of the Law of Agency, by the Am. Law Inst., as quoted in 2 Tex. Jur. p. 384, § 5. In testing a car the prospective purchaser is not acting for the benefit, or in behalf of the seller, but is acting in behalf of himself. His own interests and those of the seller are antagonistic. That fact prevents the existence of the relation of principal and agent. False representations made by him to himself in connection with the demonstration would afford no basis for an action for cancellation. Knowledge acquired by him while making the demonstration would not be imputed to the seller. One essential element of agency, namely, one person acting for and in behalf of another, is wholly lacking. There is also lacking the essential element of control by the one of the actions of the other. As noted above, the prospective purchaser was alone in the car when the accident occurred. She was not acting under the direction of the seller, but chose her own place and method for testing the car. An independent contractor may act for and in behalf of another, but, since he is not under the other's control, it is held that the relation of agency does not exist. A bailee may act for the benefit of the bailor, but that fact does not make him an agent. The same reason is applicable here. The contention of appellants would extend the scope of the liability of automobile dealers far beyond the limitations set by the adjudicated cases. We can see no reason for making this extension and can see impelling reasons for declining to do so. Marshall v. Fenton, 107 Conn. 728, 142 A. 403; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Emery v. McCombs (Sup.) 167 N. Y. S. 474; Flaherty v. Helfont, 123 Me. 134, 122 A. 180; Goodrich v. Musgrave, etc., Co., 154 Iowa, 637, 135 N. W. 58; Barton et al. v. Studebaker Corp., 46 Cal. App. 707, 189 P. 1025; Blashfield's Cyclopædia of Automobile Law, Vol. 2, p. 1323, § 7.

Only one other question is presented by the briefs, and that relates to the power of the trial court to render a judgment in favor of appellee, notwithstanding the jury answered the issues submitted in favor of appellants. The recent cases of Magnolia Petroleum Company v. Connellee (Tex. Com. App.) 11 S.W.(2d) 158, and Vogel v. Allen, 118 Tex. 196, 13 S.W.(2d) 340, recognize the general rule that a trial court is not authorized under our statutes to render a judgment non obstante veredicto, but hold that there is a well-recognized exception to the effect that, findings of the jury are immaterial and may be disregarded by the court in a case where under no view of the pleadings and evidence was the plaintiff entitled to a judgment. The record before us presents a case coming within the exception announced. As noted, the only theory of liability pleaded was that the prospective purchaser was the agent of the seller for the special purpose of demonstrating the car to herself. There is no evidence whatever indicating that appellants are entitled to recover on any theory other than the one declared upon in their petition.

We therefore hold that, under the authority of the two cases above cited, the judgment of the lower court was correct, and it will accordingly be affirmed.