## Eachus v. Cadillac Motor Car Company

*J. Borton Weeks*, for plaintiffs; *J. De Haven Ledward*, for defendant.

FRONEFIELD, P. J., December 9, 1932.—This case is before us on the defendant's affidavit of defense raising questions of law. According to the allegations in the plaintiffs' statement, which for the purpose of this discussion must be taken as true, the defendant was an automobile dealer who permitted the driver, a young man who had a reputation for reckless and incompetent driving, which was known or should have been known to the defendant, to use one of its cars for the purpose of demonstrating it to himself with the expectation that if it proved satisfactory he would buy it. The plaintiffs claim to recover on the theory (1) that these facts constitute the driver an agent of the defendant and (2) if not, that the defendant was negligent in permitting its car to be driven by one it knew or should have known to be an incompetent driver.

As to the question of agency, the plaintiffs' contention is that the driver of the car, a prospective purchaser, was the agent of the defendant to demonstrate it to himself. Neither counsel has been able to cite a Pennsylvania case on this subject and we have been unable to find any. However, similar cases have been decided in other jurisdictions. In Mosby v. Kimball, 345 Ill. 420, 178 N. E. 66, the court said:

"It has been held in a number of cases in other jurisdictions that the owner of an automobile may be held liable for injuries occurring through the negligent operation of such automobile by a prospective purchaser or his representative, where the act of the owner's employee sent to demonstrate the automobile and give instructions as to its operation, in allowing the prospective purchaser or his representative to drive, is within the scope of his employment and the employee is present and directing the operation of the automobile. . . . Some of these cases are cited and relied upon by defendant in error, but in all of them the employee of the owner of the automobile was present in the automobile directing its operation at the time the injuries sued for were sustained, and on that ground they are clearly to be distinguished from the present case.

Defendant in error has called our attention to no case, and we have been able to find none, in which the owner of an automobile has been held liable for the negligence of a prospective purchaser of the automobile or his representative when driving the car to find out how it runs, when not accompanied by the owner or his employee. On the other hand, it has been held in a number of cases that there is no liability on the part of the owner of an automobile for the negligence of the prospective purchaser or his representative under such circumstances. Flaherty vs. Helfont, 123 Me. 134, 122 A. 180; Cruse-Crawford Mfg. Co. vs. Rucker 220 Ala. 101, 123 So. 897; Goodrich vs. Musgrave Fence & Auto Co., 154 Iowa 637, 135 N. W. 58; Emery vs. McCombs, 167 N. Y. S. 474".

In Bertrand v. Mutual Motor Co., 38 S. W. (2d) 417 ( Tex. Civ. App. 1931), the very argument used in the case at bar was raised and the court definitely said:

"A prospective purchaser cannot be the agent of the seller to demonstrate a car to himself. . . . In testing a car the prospective purchaser is not acting for the benefit, or in behalf of the seller, but is acting in behalf of himself. His own interests and those of the seller are antagonistic. That fact prevents the existence of the relation of principal and agent. . . . There is also lacking the essential element of control by one of the actions of the other. As noted above, the prospective purchaser was alone in the car when the accident occurred. She was not acting under the direction of the seller, but chose her own place and method for testing the car."

See, also Beaudoin v. W. F. Mahaney Inc., 159 Atl. 567 (Me., 1932); Gulf Refining Co. v. Ray Motor Co., 129 Me. 499, 152 Atl. 226; Murphy v. Mace, 112 Conn. 684, 152 Atl. 582; Marshall v. Fenton, 107 Conn. 728, 142 Atl. 403.

The only jurisdiction which we have been able to find which has permitted a recovery in this situation is Michigan, in the case of Lidtka v. Wagner, 253 Mich. 379, 235 N. W. 189, but the recovery was based on a statute making the owner liable if his car was driven by one with his "express or implied consent or knowledge".

We decide the first question of law in favor of the defendant.

The plaintiffs' second theory as to the liability of the defendant is that it was negligent in permitting the prospective purchaser to use the car when it "well knew or should have known" that he "was a reckless and incompetent driver."

An automobile is not now considered a dangerous instrumentality and ordinarily a bailor is not responsible for the negligence of the bailee. However, there is an exception in the case where the bailor lends or hires it to one who is so reckless, heedless or incompetent as to render it a dangerous instrumentality in the latter's hands and the bailor knows, at the time he intrusts it to the bailee, of the bailee's character and habits in this regard. In such case, the liability is based on the combined negligence of the operator and the owner.

The defendant admits this general rule but raises two objections to the allegation in the statement of claim. The allegation reads "well knew or should have known", etc. The defendant contends that constructive knowledge is not sufficient and that the bailor must have actual knowledge. It is not necessary to pass on this objection since we can treat the words "or should have known" as parenthetical. There is, then, a direct allegation that the defendant knew of the operator's incompetency. Had the word "knew" been eliminated, this question would have been squarely raised. As it now stands, however, the plaintiffs are entitled to go to the jury. If the defendant believes the evidence at the trial to be insufficient, it can raise that question at that time.

The defendant further objects that the allegation does not name which of its agents possessed this knowledge. Had this been a suit on a contract, this objec-

tion would have been sound, because if a person deals with a corporation through an agent he knows with whom he has dealt and must name the agent and must be able to prove his authority to act. However, when we consider that the plaintiffs were third parties to the transaction between the bailor and bailee, we can see that very likely they do not have this information and could not obtain it unless the bailor or bailee were willing to give it to them. Of course, this will not relieve the plaintiffs from the duty of proving these facts at the trial of the case.

We therefore decide the second question of law against the defendant, with leave to file a supplemental affidavit of defense on the merits, if it so desires.

And now, to wit, December 9, 1932, it is ordered and decreed that the second question of law raised by the affidavit of defense be and it is hereby decided against the defendant, with leave to the defendant, if it so desires, to file a supplemental affidavit of defense to the averments of fact in the statement of claim within 15 days from notice of the filing of this opinion to the defendant or to its attorney of record.

From William R. Toal, Media, Pa.