[File No. 6357.]

JOHN R. ERICKSON, Respondent, v. F. A. FOLEY, and C. B. McLane,
and
WESTLIE MOTOR COMPANY, a Corporation, Appellant.

(262 N. W. 177.)

Opinion filed July 23, 1935.   Rehearing denied August 12, 1935.

*Traynor & Traynor,* for appellant.

740

*Sinness & Duffy,* for respondent.

Morris, J. This case arose out of an automobile accident which occurred at the intersection of Military road and Lakewood road near the city of Devils Lake, between twelve and one o'clock, A. M., June 24, 1934. The plaintiff was riding as a guest in a car which was driven by C. B. McLane and owned by the Westlie Motor Company. The McLane car collided with one driven by F. A. Foley, and the plaintiff was injured. Suit was brought against Foley, McLane and the Westlie Motor Company, as joint tort-feasors, and was settled and dismissed as to Foley before trial. A verdict was rendered against the two remaining defendants. From the judgment, and an order denying a motion for judgment notwithstanding the verdict, the Westlie Motor Company alone appeals.

The day before the accident occurred, the defendant, McLane, who lived in Minot and had formerly lived in Devils Lake, procured from one Murphy, a salesman for the Westlie Motor Company, the use of a demonstrator car for the purpose of driving to Devils Lake to get McLane's wife, who expected to meet him there. McLane was considering the purchase of an automobile and Murphy loaned him the demonstrator in order that he might try out the car as a prospective purchaser during the contemplated trip. McLane took with him a young lady who intended to visit at Devils Lake. The record does not disclose that Murphy knew that McLane was to be accompanied by anyone, although it appears that the young lady was also considering the purchase of an automobile. When they reached Devils Lake, McLane left his passenger at the home of a friend. He stayed around town until about midnight and then drove out to the officer's mess on the military grounds. There he met the plaintiff, whom he had known for some time, and also a Mr. Couture. Erickson, Couture, and McLane then started to drive to a cottage in the vicinity and on the way the collision occurred between the demonstrator driven by McLane, and the car driven by Foley. The record discloses negligence on the part of the drivers of both cars. The plaintiff was the guest of McLane. He was not the guest of the Westlie Motor Company.

Chapter 184, Session Laws, N. D., 1931, provides: "Section 1.

Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the State of North Dakota, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. . . ." Section 2 of this Act further provides: "Nothing in this Act contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, wilful misconduct, or gross negligence of such owner, driver or person responsible for the operation of such vehicle."

Under this statute the appellant is not liable unless the plaintiff's injury proximately resulted from the gross negligence of the appellant. Such negligence the plaintiff seeks to establish upon the theory that McLane was the agent or servant of the appellant for the purpose of demonstrating the car to himself and to others. The evidence does not support this contention. The only trip contemplated by Murphy and McLane was from Minot to Devils Lake, and the only passenger or guest contemplated was Mrs. McLane. The accident occurred during a pleasure trip which McLane decided to take after reaching Devils Lake. He took this trip entirely upon his own responsibility and without either the express or implied authority or consent of the Westlie Motor Company or its salesman.

A dealer is generally held responsible for the negligent conduct of his salesman while demonstrating an automobile to a prospective purchaser. Berry, Auto. 6th ed. p. 1196, § 1429. In such case the salesman is the agent of the dealer. The dealer contemplates that demonstrations may be made to prospective purchasers, and if injury results from the negligent conduct of the agent, the dealer is responsible. An entirely different situation arises when the salesman permits a car belonging to the dealer to be driven by a prospective purchaser on a trip involving the purchaser's own business, and where the salesman or dealer is not present and exercises no authority over the trip. It is argued by the plaintiff that under such conditions the prospective purchaser is demonstrating the car to himself and is, therefore, the agent or servant of the dealer. In this case McLane was driving the car for his own purposes, namely, to go to Devils Lake for his wife and to try out the car in order to better determine whether or not he wished to

purchase it. It is true that the appellant would benefit by selling a car if McLane was satisfied and decided to buy. Such benefit is both remote and contingent. It did not constitute the purpose for which the trip to Devils Lake was made and had no connection whatever with the subsequent pleasure trip to the military grounds during which the accident occurred. The evidence wholly fails to show that McLane had authority to demonstrate the car to anyone else, or that he was known to the appellant or its salesman to be a person to whom an automobile should not be reasonably entrusted. No relationship of principal and agent or master and servant existed between the Westlie Motor Company and the driver of the car at the time of the accident. Mosby v. Kimball, 345 Ill. 420, 178 N. E. 66; Flaherty v. Helfont, 123 Me. 134, 122 A. 180; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Goodrich v. Musgrave Fence & Auto Co. 154 Iowa, 637, 135 N. W. 58; Emery v. McCombs, 180 App. Div. 225, 167 N. Y. S. 474.

It further appears that McLane had no authority to give rides to passengers or guests other than his wife. Even though he be considered to be the agent of the appellant, his acts would bind his principal only so far as they were within the real or apparent scope of his authority. O'Leary v. Fash, 245 Mass. 123, 140 N. E. 282. Any recovery against the appellant must be based upon the doctrine of respondeat superior. Bagan v. Bitterman, ante, 429, 259 N. W. 268; Slusher v. Hubble, 254 Ky. 595, 72 S. W. (2d) 39; Saums v. Parfet, 270 Mich. 165, 258 N. W. 235. Where there is no conflict in the evidence or the presumptions that may reasonably be drawn therefrom, the scope of authority of one driving an automobile belonging to another is a question of law for the court. Tuttle v. Dodge, 80 N. H. 304, 116 A. 627; Curry v. Bickley, 196 Iowa, 827, 195 N. W. 617; Ratcliffe v. Chicago, M. & St. P. R. Co., 153 Wis. 281, 141 N. W. 229; Der Ohannessian v. Elliott, 233 N. Y. 326, 135 N. E. 518.

The plaintiff urges that "The fact that the defendant owned the car involved in the accident, together with proof of the fact that the driver had the owner's permission to operate the car, is sufficient to make a prima facie case in any event." The fact that McLane was driving appellant's car raises no presumption that he was authorized to invite the plaintiff to ride with him. A servant or agent has no implied authority to invite a guest to ride in a motor vehicle in his charge. Bohos

v. Krey Packing Co. 317 Mo. 108, 296 S. W. 157. Huddy, Cyc. Auto. Law, vol. 7–8, § 101, states: "The driver of a motor vehicle sent on a particular mission by the owner of the machine is, as a general proposition, acting beyond the scope of his authority when without the knowledge of his employer he invites another person to ride with him, and, in the absence of statute, if such a passenger is injured through the mere negligence of the driver of the machine, the owner thereof will not generally be liable." See also 5 Blashfield's Cyclopedia of Automobile Law, p. 1376.

In the case of Posey v. Krogh, ante, 490, 259 N. W. 757, the car in question was owned by the appellant who purchased it for her own use. She occasionally permitted her father and members of his family to use it. She permitted her brother to take the car on a trip to Jamestown to get supplies for the father. After reaching Jamestown, the brother took some girls on a pleasure trip during which an accident occurred wherein the girls were injured. In discussing the defendant's liability to her brother's guests, this court said: "Not only must the guest be riding in the car, but while such guest the damages must be caused by the gross negligence of the one he sues. If he sues the owner, he can recover only when he proves willful misconduct or gross negligence of the owner as the proximate cause of the injury, and the burden of proof is on the guest. Laws 1931, § 2, chap. 184. It is true the gross negligence of the driver may be imputed to the owner under certain conditions and thus become the gross negligence of the owner; but before the plaintiffs can recover against the owner in this case under the 'guest' statute, they must prove that the owner was guilty of gross negligence in permitting her brother to operate the car." The "guest" statute which we have quoted, limits the liability of the Westlie Motor Company to gross negligence. "Gross negligence is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is a lack of care which is practically willful in its nature. It is an omission of duty which is akin to fraud. It is the absence of even slight care." Farmers' Mercantile Co. v. Northern P. R. Co. 27 N. D. 302, 146 N. W. 550.

Even though the jury may have been justified in finding that the gross negligence of McLane was the proximate cause of the plaintiff's in-

juries, such negligence cannot be imputed to the appellant under the facts before us.

Since matters here considered finally determine the result, it is unnecessary to dispose of other question raised upon this appeal.

The judgment must be reversed and the action against the Westlie Motor Company dismissed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.