## GRAHAM v. AMERICAN EMPLOYERS' INS. CO. OF BOSTON, MASS., et al.*

### No. 5335.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1937.

*Rehearing denied Feb. 5, 1937.

James T. Shell, Jr., and Ada Mott, both of Bastrop, for appellant.

Hawthorne & Files, of Bastrop, for appellees.

HAMITER, Judge.

The dismissal of plaintiff's suit under a judgment sustaining exceptions of no cause or right of action is responsible for this appeal.

Plaintiff's counsel, in their brief, substantially summarize the material allegations of the original and supplemental petitions as follows:

"On Saturday, January 25, 1936, Mrs. Ora Rogers, accompanied by the minor daughter of plaintiff herein, called at the place of business of McConathy-Young, Inc., Ford dealers in the Town of Bastrop, Louisiana, for the purpose of having demonstrated to her a secondhand automobile, with the ultimate view of making a purchase. While at said place of business Mrs. Rogers discussed the matter with one of the duly authorized agents of said company and was advised by him that the company had on hand for sale a 1934 V-Eight Coach Ford automobile, and requested that she take the car and make a driving test of same in order that she might fully satisfy herself of its condition and ultimately decide on the question of a purchase. Pursuant to that request, Mrs. Rogers drove the car around Bastrop for a short time and then drove same to her home located some five miles south of Bastrop, where she parked same for the night.

"At about 10 o'clock, A. M., on the following morning, the agent aforesaid called at the home of Mrs. Rogers for the purpose of discussing further the contemplated sale. Mrs. Rogers, however, advised him that she had not finally decided on the question of the purchase, but that he could take the car and she would discuss the matter with him the next day. The agent, however, in an effort to consummate the sale, left the car in her possession, requesting that she drive and use it further in order to more fully satisfy herself regarding its condition, it being specifically alleged that such method of automobile demonstration was in accordance with the customs and usage of automobile dealers generally and particularly in conformance with the practices, customs and usages of the said McConathy-Young, Inc., and in furtherance of said company's business.

"Pursuant to the above request and for the purpose of making a driving test of the automobile with the ultimate view of making a purchase, Mrs. Rogers then drove the car to Alto, in Richland Parish, Louisiana, taking with her Miss Clevie Graham, the minor daughter of plaintiff herein, it being specifically alleged that Miss Graham accompanied the said Mrs. Rogers as her invited guest, with the consent of the said McConathy-Young, Inc., and in accordance with their general custom and policy in the demonstration of automobiles, same being in furtherance of McConathy-Young's business of selling cars. In making the return trip to Bastrop on the same evening, Mrs. Rogers wrecked the car by driving same head-on into a concrete bridge, the gross negligence of the said Mrs. Rogers having been the sole cause of the accident, causing personal injuries to plaintiff's minor daughter, for which damages are sought herein."

Plaintiff appears herein in his individual capacity, and for the use and benefit of his minor daughter, Miss Clevie Graham, and seeks damages for personal injuries to said daughter and for medical expenses. He prays for a judgment in solido against Mrs. Ora Rogers, McConathy-Young, Inc., and the American Employers' Insurance Company of Boston, Mass., the alleged insurer of said Ford dealer.

3

The above-mentioned exceptions of no cause or right of action were filed by defendants McConathy-Young, Inc., and the American Employers' Insurance Company of Boston, Mass.

The insurance policy issued by said insurer to such Ford dealer, and herein sued on, was inserted in the record with the agreement of counsel that it is to be considered as a part of the pleadings in passing on the exceptions.

No appearance has been made by the defendant, Mrs. Ora Rogers.

The exceptions were sustained by the trial court, as before stated, and plaintiff perfected this appeal.

It is our purpose and duty to consider, by reason of this appeal, (1) the matter of the liability of McConathy-Young, Inc., and, consequently, its insurer, under the alleged facts; and (2) the liability of the insurer, irrespective of that of the insured, under the provisions, terms, and conditions of the policy contract, as affected by the provisions of Act No. 55 of 1930.

These will be discussed in the order listed.

It is well to observe at the outset that, in passing on the case under the above exceptions, we can take into consideration only the well-pleaded facts of the plaintiff and the documents made a part of the pleadings. Conclusions of law that may be found in the petition must be ignored.

Plaintiff seeks to impose liability on the dealer under the theory that the relation of principal and agent existed between McConathy-Young, Inc., the owner of the car, and Mrs. Rogers, the driver thereof at the time of the accident in which the child was injured. If it be found that such relationship existed, then the petition states a right and a cause of action against said dealer, and also against the insurer, as defendants' counsel concede, by reason of the terms and conditions of the policy.

It is provided in the Restatement of the Law of Agency, § 1, that: "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."

Mrs. Rogers, the prospective purchaser of the car, was unaccompanied by a salesman or employee of the dealer at the time of the accident. She had been permitted by the owner to drive the car wherever she pleased, and to make a thorough test of it, the purpose of this being that she might satisfy herself as to its desirability. It was not driven by her with a view of selling it to a third person for the account of the dealer. While driving from her home to Alto, and, at the time of the accident, on her return from that place, the vehicle was in her entire and unrestricted control, custody, and possession. She also chose this particular route for making the test. The dealer did not in any manner control or direct her actions or that of the machine while she was attempting to reach her decision relative to the purchasing of the car. It is essential in an agency relationship that the agent be subject to the control of the principal. This element was lacking in the arrangement between the dealer and the prospective purchaser in this case. Complete control of the car, and of Mrs. Rogers, if any previously existed, was relinquished by the dealer when she was granted the right to operate it alone.

The petition does allege that, "said car and the operation thereof during the entire time was in her possession, remained under the control, direction and supervision of the said McConathy-Young, Inc., and was, at the time of the accident, being so driven by said Mrs. Rogers in furtherance of said company's automobile business and as its agent." These allegations, however, are conclusions of the pleader and cannot be considered.

No doubt Mrs. Rogers occupied the legal status of a bailee at the time; but that alone did not constitute her an agent of the defendant dealer. Ordinarily, in cases of bailment, the agency relationship does not exist, because the bailor has no control over the bailee beyond what is given by the contract, and is not responsible to third persons for his acts. A bailee over whose actions the bailor has no control is not an agent, even though he acts for the benefit of the bailor. 2 Corpus Juris Secundum, Verbo "Agency," p. 1027.

Consequently, we conclude that Mrs. Rogers was not the agent of McConathy-Young, Inc., and that it is not responsible in damages for the injuries sustained.

No cases in our Louisiana jurisprudence have been called to our attention, and we know of none, involving an identical factual situation. This court had occasion in the recent case of Mrs. Earl L. Smith v. Howard Crumley & Co. et al., 171 So. 188 (not yet reported [in State report]), to consider

a controversy wherein third persons were injured by reason of the negligent driving of a prospective purchaser of a car. It appeared, however, that the dealer's salesman was in the vehicle at the time of the accident. We held therein that the dealer was responsible in damages, one of the principal reasons being that, "the salesman remained in the car beside Aiken, was overseeing its operation and was in a position to, and in a measure did, direct and control the driver."

The important distinguishing feature between this case and that of Smith v. Howard Crumley & Co., supra, is that here the driver and the car were not under the control and direction of the dealer, while in that case they were so controlled and directed.

A like distinction appears to be recognized by a majority of the appellate courts of other states in which cases of similar nature have arisen, and by textwriters.

In the leading case of Mosby v. Kimball, 345 Ill. 420, 178 N.E. 66, 67, decided by the Supreme Court of Illinois, it was stated:

"It has been held in a number of cases in other jurisdictions that the owner of an automobile may be held liable for injuries occurring through the negligent operation of such automobile by a prospective purchaser or his representative, where the act of the owner's employee sent to demonstrate the automobile and give instructions as to its operation, in allowing the prospective purchaser or his representative to drive, is within the scope of his employment, and the employee is present and directing the operation of the automobile. Doyon v. Massoline Motor Car Co., 98 N.J.Law, 540, 120 A. 204; Wooding v. Thom, 148 App.Div. 21, 132 N.Y.S. 50; Opecello v. Meads, 152 Md. 29, 135 A. 488, 50 A.L.R. 1385; Hoffman v. Roehl, 61 Mont. 290, 203 P. 349, 20 A.L.R. 189; Holmboe v. Morgan, 69 Or. 395, 138 P. 1084; Dare v. Boss, 111 Or. 190, 224 P. 646. * * *

"Defendant in error has called our attention to no case, and we have been able to find none, in which the owner of an automobile has been held liable for the negligence of a prospective purchaser of the automobile or his representative when driving the car to find out how it runs, when not accompanied by the owner or his employee. On the other hand, it has been held in a number of cases that there is no liability on the part of the owner of an automobile for the negligence of the prospective purchaser or his representative under such circumstances. Flaherty v. Helfont, 123 Me. 134, 122 A. 180; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Goodrich v. Musgrave Fence & Auto Co., 154 Iowa, 637, 135 N.W. 58; Emery v. McCombs (Sup.) 167 N.Y.S. 474."

Blashfield's Cyclopedia of Automobile Law and Practice, § 3013 (Permanent Edition), is authority for the statement that: "There appears to be some discord between the authorities on the question whether or not a dealer or seller of cars is responsible for damage arising from the driving of a prospective purchaser who is permitted to drive by the salesman."

It is also said in that section: "Irrespective of this apparent conflict, where the prospective buyer thus permitted to drive is not accompanied at the time of an accident caused by the negligence of the driver by the owner or his servant, a different rule applies, the general rule being that in such case, in the absence of a statute providing otherwise, the owner is not chargeable with the negligence of the prospective buyer in operating the car."

There is no such statute of this state which imposes liability on the owner.

In Huddy's Cyclopedia of Automobile Law, vol. 7–8, § 105, we find: "There are authorities to the effect that where the salesman remains in the car and permits the prospective purchaser to drive it, the owner may be liable for his negligence in so doing. But this doctrine will not be applied where the salesman intrusts the car to the prospect for his own purposes, and he operates it out of the presence and supervision of the salesman."

The case of Knight v. Gosselin et al., 124 Cal.App. 290, 12 P.(2d) 454, decided by the Third District Court of Appeal of California, has been cited and quoted from by plaintiff's counsel. A study of the opinion therein leads us to the belief that such case favors in some measure the agency theory advanced and relied on by plaintiff's counsel. It does not, however, represent the prevailing view, with reference to the subject under consideration, and we prefer not to follow that decision.

It is next contended that the defendant insurance company is liable under the terms and conditions of the policy herein sued upon, as affected by the provisions of Act No. 55 of 1930, regardless of whether or not there is any liability imposed by law upon the dealer for the injuries involved herein.

The policy first recites: "American Employers' Insurance Company of Boston, Massachusetts (hereinafter called the Corporation) hereby agrees with the Assured named in the Declarations attached hereto and made a part hereof, as follows: * * *"

We notice in the aforementioned "Declarations" that the name of the assured is McConathy-Young, Inc., its address is given as 114 S/S E. Pine street, Bastrop, La., and it is declared to be a corporation.

Pertinent provisions of the policy are:

"I. The Corporation will

"(a) Investigate and will settle or defend all claims or suits even if such claims or suits are groundless, false or fraudulent, resulting from the liability or the alleged liability imposed upon the Assured by law, * * *

"(1) For damages arising out of personal injuries resulting from bodily injuries, including death, at any time resulting therefrom as provided in Agreement II (a) of this policy; * * *

"(b) Pay and satisfy judgments rendered against the Assured in legal proceedings defended by the Corporation and protect the Assured against the levy of executions issued against the Assured upon the same, all subject to the limits expressed in Item 6 of the Declarations; * * *

"II. This policy covers

"(a) Provided specific premium charge is made in Item 5 of the Declarations, bodily injuries accidentally sustained, including death at any time resulting therefrom, by any person or persons not employed by the Assured, on or about the premises described in the Declarations and caused by the operations of the Assured as described therein; also bodily injuries accidentally sustained, including death at any time resulting therefrom, by any person or persons not employed by the Assured elsewhere than on the premises of the Assured and arising out of and in connection with the business of the Assured, or caused by or resulting from the operation, maintenance or use of any automobile, tractor or trailer for the purposes described in the policy. * * *

"Suit Against Corporation: No action shall lie against the Corporation to recover for any loss and/or expense under this policy until the amount of such claim for loss and/or expense shall have been fixed and rendered certain either by final judgment against the Assured after trial, or by agreement between the parties with the written consent of the Corporation."

The above-referred to Item 5 of the Declarations reads: "Description of Operations. All work incidental and necessary to the conduct of the Assured's business of operating an Automobile Sales Agency, Public Garage and Automobile Repair Shop, including the operation of any style, type or make of automobile, tractor, or trailer, in such business and for pleasure use, but not the carrying of passengers for a consideration, or the renting or hiring of automobiles, tractors, or trailers to others (whether such renting or hiring involves the carrying of passengers or the carrying of property), and not the carrying of property for others, except such transportation or delivery of goods or merchandise for prospective purchasers as is strictly incidental to the demonstrating and sale of automobiles."

The applicable provisions of Act No. 55 of 1930 are:

"Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido.

"Provided that nothing contained in this act shall be construed to affect the provisions of the policy contract if the same are not in violation of the laws of this State.

"It being the intent of this act that any action brought hereunder shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured; provided the term and conditions of such policy contract are not in violation of the laws of this State."

The above-quoted provisions of the policy contract serve to show that it was written and intended as one of indemnity. In other words, the insurer agreed to indemnify the insured against whatever liability that might be imposed upon it by law, arising out of the sustaining of the various injuries enumerated and described in the contract, and caused by the dealer's operations. No recovery against the insurer, however, was permitted thereunder until the claim for damages was rendered certain as provided in the "No Action Clause" thereof.

Thus, under the written provisions, an injured person to whom the insured was liable, had no right of direct action against the insurer.

■ This last-mentioned feature, however, is in conflict with that part of said Act No. 55 of 1930, which states, "that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy," and, of course, said statutory provision is controlling. The effect of this is that the policy has become one of liability, rather than one of indemnity, and an injured claimant has been given the right to proceed directly against the insurer and recover from it whatever benefits the provisions, terms, and conditions of the policy contract afford him. Counsel for defendants, in their brief, in referring to the effect of the statute on the policy, have correctly stated that "the Insurance Company, instead of being liable only after liability is established on the part of the assured, is liable in solido with the assured, to the extent that the assured is liable, within the terms and limits of the policy."

The named assured in the contract, and the only one afforded coverage under the policy, is McConathy-Young, Inc. An omnibus coverage clause, sometimes found in indemnity and liability policies, is not present in the contract. Such a clause usually provides:

"The indemnity provided by this policy is so extended as to be available, in the same manner ·and under the same conditions as it is available to the named assured, to any person or persons while riding in or lawfully operating any of the insured automobiles, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or, if the named assured is an individual, with the permission of an adult member of the named assured's household other than the chauffeur or a domestic servant." Huddy, Encyclopedia of Automobile Law, vol. 13–14, p. 406.

Plaintiff's counsel contend, however, that Act No. 55 of 1930 reads out of the policy the "Pay and Satisfy Judgments" clause and the "No Action" clause, these constituting the indemnity feature above discussed. In this connection they state that:

"Stripped of these two provisions, both of which are obliterated in their entirety by the statute, the policy contract completely fails, even by inference, to limit the liability of the insurer to that imposed upon the insured by law. On the contrary, the coverage is so general that it covers not only injuries sustained by reason of a use of the car for a purpose incidental to the business, but also covers the car when used for purposes of pleasure, wholly without limitation as to the class or classes of persons from whose operation the injury results."

■■ If this contention were true, the cause of action thus afforded to plaintiff against the insurer would flow from the provisions of the statute rather than from those of the policy. We cannot agree that the statutory provisions have such a far-reaching effect. The act in question does not furnish substantive rights. Its benefits are procedural in nature. Gager v. Teche Transfer Co. (La.App.) 143 So. 62; Tuck v. Harmon (La.App.) 151 So. 803, 805. The statute merely gives a right of action against the insurer when the claimant has a cause of action against the insured.

It is also argued by plaintiff's counsel that, " * * * by reason of the fact that the coverage clause of the contract covers injuries sustained as a result of the operation, use or maintenance of the car for purposes described in the policy, without any limitation whatever as to the class or classes of persons in such use and operation, the contract must be construed to mean that coverage under the contract was extended to any person or persons using the car with the permission of the Assured for purposes described in the policy."

This, in our opinion, is also without merit.

■ The rules which govern the construction of insurance policies in general apply to the construction of a policy of liability insurance. In accordance with those rules, a policy of liability insurance should be so construed as to give effect to the intention of the parties. 36 Corpus Juris, Verbo "Liability Insurance," p. 1061. It cannot be extended to liabilities which are neither expressly nor impliedly within its terms. 36 Corpus Juris, Verbo "Liability Insurance," p. 1079.

The intent of the policy in question was to protect McConathy-Young, Inc., against liability imposed upon it by law for damages occasioned by the operation of the cars by its agents and employees. Coverage, by the terms of the policy, was granted sole-

ly to that company. It was the only insured named and provided for therein. A policy of insurance is a form of contract. It affords protection to those persons, firms, and corporations, and insures against those hazards that are named and described therein. The nature of the risks involved and the status and character of the assured are influential factors in determining the amount of the premium charged by the insurance company. It appears unreasonable to say that coverage and protection were given by the policy to Mrs. Rogers, who was neither an agent nor an employee of the dealer, and to all other persons occupying the same legal status, merely because such policy did not specifically exclude them.

In our opinion, the judgment of the trial court is correct, and it is affirmed.