# Alabama Great Southern R. R. Co. v. Burks.

### Action for Injuries to Licensee.

(Decided June 7th, 1906.   41 So. Rep. 638.)

1. *Railroads; Injury to Licensee; Action; Pleadings; Variance.*— Where the complaint alleges that plaintiff was a licensee on the road of defendant, and the proof shows the relation of master and servant to have existed, defendant was entitled to the affirmative charge.

2. *Master and Servant; Relation.*—One doing duty as brakesman on a railroad without stipulated pay, on an understanding with the road that upon becoming proficient he should be given a position, was a servant and not a mere licensee.

APPEAL from Etowah Circuit Court.

Heard before HON. W. W. HARALSON.

Action by Enoch Marvin Burks against the Alabama Great Southern Railroad Company. From a judgment in favor of plaintiff, defendant appeals.

This was an action for damages by an employe, the plaintiff, against appellant, for personal injury alleged to have been sustained. The cause was tried on counts 2 and 4, which are as follows:   Count 2:   "Plaintiff claims of the defendant, a body corporate doing business in Etowah county, state of Alabama, $25,000 damages, for that on, to-wit, September 7, 1904, plaintiff, while a licensee upon defendant's railway, and while engaged in learning the duties of a brakeman with the defendant's consent, was injured at Crudup, in the county and state aforesaid, as follows:   Plaintiff's right arm was seriously and severely crushed between the elbow and wrist, thereby causing plaintiff to endure very great physical and mental pain and suffering and permanently rendering plaintiff less able to earn a livelihood.   Plaintiff avers said injuries to have been proximately caused by the negligence of defendant's servants or agents, whose

8

names are unknown to plaintiff, while acting within the scope of their employment, which negligence consisted in this: The said servants or agents negligently caused a car to be moved whilst plaintiff was in the act of coupling the same." Count 4: "Plaintiff adopts all of count 2 down to and including the clause 'to earn a livelihood,' and makes the same a part of this the fourth count of the complaint. Plaintiff avers said injuries to have been proximately caused by the wanton, willful, or intentional conduct of the defendant's servants or agents, whose names are unknown to plaintiff, while acting within the scope of their employment, which wanton, willful, or intentional conduct consisted in this: The said servants or agents wantonly, willfully, or intentionally ran a car against cars which plaintiff was endeavoring to couple together, with the knowledge that plaintiff would probable be injured thereby and with reckless disregard of the consequences." The evidence is sufficiently set out in the opinion. The defendant requested the affirmative charge as to counts 2 and 4, which the court refused.

GOODHUE & BLACKWOOD, for appellant.—No brief came to the reporter.

DENSON & DENSON, for appellee.—No brief came to the reporter.

ANDERSON, J.—This case was tried upon counts 2 and 4, and to which the demurrers interposed by the defendant were overruled by the trial court. Conceding that these two counts correctly proceed upon the theory that the plaintiff was a licensee, the evidence shows the relationship of master and servant, and charges 26 and 27, the affirmative charges, should have been given.

It appears from the evidence that the employer consented to plaintiff's services, and therefore exercised the right of selecting him, had the right to remove or discharge him, and to direct him in the rendition of the services which he had undertaken. The plaintiff was to receive no stipulated wages, but undertook to learn the duties of a brakeman, and was to be given a position after

he had learned the duties. These facts showed the plaintiff to be a servant, rather than a mere licensee of the defendant.—20 Am. & Eng. Ency. Law, pp. 1, 2; *Heygood v. State,* 59 Ala. 51; Dresser's Employers' Liability, p. 52, § 8; *Drennen v. Smith,* 115 Ala. 396, 22 South. 442.

Reversed and remanded.

WEAKLEY, C. J., and TYSON & SIMPSON, JJ., concur.