# James *v.* The State.

## *Murder.*

(Decided December 17, 1914.   67 South. 773.)

1. *Witnesses; Examination; Non-Responsive Answer.*—A statement by a witness not responsive to the question may be properly excluded on motion.

2. *Homicide; Evidence; Res Gestae.*—Evidence that after the shooting the defendant went for a physician to attend deceased, was not a part of the res gestæ and was properly excluded.

3. *Same.*—A statement by defendant immediately after the shooting that he did not intend to shoot deceased, is a self-serving declaration, and unless so closely connected with the shooting as to be a part of the res gestæ, is not admissible.

4. *Same.*—Where the person shot was the maid of defendant's mother, and in response to a question by the mother as to who was shot, the maid answered that defendant had shot her, and defendant immediately stated that he did not mean to do so, evidence of such statement was admissible as a part of the res gestæ.

5. *Same; Offense; Involuntary Manslaughter.*—As a dying declaration deceased stated that on a refusal to comply with a request of

defendant he shot her, and defendant testified that he was playing with a pistol which he did not know was loaded, and accidentally shot deceased. Held, accused was guilty of murder if deceased's version of the affair was correct, as no provocation short of an assault or a battery can reduce an intentional killing to manslaughter in the first degree, and if defendant's version was correct, he was guilty of no offense unless it be involuntary manslaughter, if he was negligent.

6. *Same; Instructions.*—While defendant under the evidence could not be guilty of manslaughter in the first degree, yet the refusal of the charge that he could not be convicted of that offense was not erroneous where, under the evidence, he might have been convicted of involuntary manslaughter; the charge not requiring consideration of that offense.

7. *Same.*—A charge predicating an acquittal on a theory of accidental shooting which ignored the question as to whether defendant was intentionally pointing the pistol at deceased, was properly refused.

8. *Apppeal and Error; Questions Presented; Review.*—Where the record does not show that the court passed upon the motion of the solicitor to exclude certain competent evidence, that question is not presented for review.

9. *Charge of Court; Ignoring Evidence.*—Instructions which authorize an acquittal on the ground of conflicts in the evidence for the state, are properly refused as not based upon the whole evidence.

10. *Same; Argumentative.*—The charge asserting that the state has the burden of convincing the jury beyond a reasonable doubt of the guilt of defendant, and he cannot be convicted because of the absence of evidence, but the jury must consider only the evidence which has been offered, is argumentative, and its refusal not error.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Burley James was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The facts sufficiently appear from the opinion. The following charges were refused defendant:

(2) If the jury believe from all the evidence that the shooting was accidental, you will find defendant not guilty.

(6) If the jury had a reasonable doubt as to whether the shooting of Donie Wright was intentional or accidental, you will find defendant not guilty.

(7) If the jury find that there are conflicts in the evidence offered by the state in this case, and if from this

[James v. The State.]

the jury had a reasonable doubt of the guilt of defendant, you should find him not guilty.

(12) The burden is on the state to convince the jury beyond a reasonable doubt that defendant is guilty before you can convict him; and you cannot find him guilty because of the absence of evidence, but you must consider only the evidence that has been offered in the case.

JAMES W. STROTHER and J. W. NOLEN, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly disallowed the statement that defendant went for the doctor, and also the statement that he did not go to do it.—*Maddox v. State,* 159 Ala. 53; *Brown v. State,* 150 Ala. 25; *Hurst v. State,* 1 Ala. App. 235. Counsel discuss the charges refused, but cite no authority thereon.

THOMAS, J.—The statement of the witness Dr. Hodge (who, after the shooting, professionally attended the deceased), to the effect that defendant came for him to do so, was properly excluded on motion of the solicitor; and this for two reasons: First, because such statement was not in response to any question that had been propounded to the witness; and, second, because it does not appear that defendant's act in going for the witness was any part of the res gestæ of the crime.— *Maxwell v. State,* 11 Ala. App. 53, 65 South. 734; *Dick v. State,* 87 Ala. 61, 6 South. 395; *Lundsford v. State,* 2 Ala. App. 41, 56 South. 89. For the latter reason, it was likewise not error for the court to decline to permit the defendant to state that he went for the doctor to attend deceased.—Authorities supra.

[James v. The State.]

The declaration of the defendant, alleged to have been made immediately after the shooting, to the effect that he did not intend to shoot deceased, was entirely self-serving, and, consequently, inadmissible, unless shown to have been so closely connected with the main fact that it may be affirmed by the court with reasonable certainty that it formed part of the res gestæ.—*Lundsford v. State, supra, and other authorities supra.*

It appears that the shooting took place at the horse lot on the premises of defendant's parents near the dwelling house thereon, where the parties resided with defendant's parents (the defendant being a son and the deceased being a hired girl living in the family); that there had been no ill will or bad feeling between the two; that on the occasion in question they had gone to the lot, the former to feed the mule and the latter to give shucks to the cow; that while they were out there the pistol shot was fired that hit deceased and from which she subsequently died; that defendant's mother, who was in the house at the time, did, immediately on hearing the shot, call out from the house to the parties in the lot and inquire as to what was the matter; that deceased replied that defendant had shot her; and that defendant replied that he "did not go to do it." It would seem that this declaration on his part, made immediately after the shooting, at the scene thereof, in the presence of deceased and under the circumstances as detailed was admissible as a part of the res gestæ; since acts and declarations may form part of the res gestæ, though not in point of time exactly coincident with the main fact, provided they stand in the relation of unpremeditated results and were produced by and instinctive upon the occurrences to which they relate, rather than the retrospective narration of such occurrences.—*Nelson v. State,* 130 Ala. 83, 30 South. 728; *Lundsford v. State,* 2 Ala. App. 38, 56 South. 89; 1 Mayf. Dig. 772.

However, while it does appear that the solicitor moved to exclude the testimony of defendant's mother, who, testifying as a witness for him, stated that the defendant said at the time mentioned that he "did not go to do it," yet it does not appear that the court ever acted on this motion, and consequently, for aught to the contrary appearing, the declaration remained in as evidence. Consequently, no ruling of the court is presented for review in this particular.

There were only two persons present at the time of the shooting—deceased and defendant. The dying declarations of deceased were to the effect that defendant asked her to assist him in shucking some corn, that she refused, and that he immediately shot her as she turned to go; while the statement of defendant, as a witness for himself, was to the effect that while he and deceased were at the lot he was "projecting" with a pistol which he did not know was loaded, and that deceased was shot as a result of its accidental discharge.

If the testimony of the deceased be believed, then the defendant intentionally shot her and was, under the law, guilty of nothing less than murder, because no provocation short of a battery or an assault can reduce an intentional killing to manslaughter in the first degree.— *Judge v. State,* 58 Ala. 406, 29 Am. Rep. 757; *Nutt v. State,* 63 Ala. 180; *Martin v. State,* 119 Ala. 1, 25 South. 255; *Prior v. State,* 77 Ala. 56; *Grant v. State,* 62 Ala. 233.

On the other hand, if the testimony of defendant be believed, then the killing was entirely accidental, and he is guiltless in the eyes of the law, unless he either intentionally pointed the pistol at deceased or handled it—a dangerous weapon—with gross negligence, in either of which latter events he would be guilty of involuntary manslaughter, although the shooting was, as

he contends, an accident.—*Gibbs v. State,* 7 Ala. App. 32, 60 South. 999; *Johnson v. State,* 94 Ala. 41, 10 South. 667; *Sanders v. State,* 105 Ala. 4, 16 South. 935; *Fitzgerald v. State,* 112 Ala. 40, 20 South. 966; *Medley v. State,* 156 Ala. 78, 47 South. 218.

Hence, under the law as applicable to the evidence, the defendant could only be guilty of either murder or involuntary manslaughter. There was no theory of the evidence upon which he could be convicted of manslaughter in the first degree, of which he was found guilty by the jury. However, although this be true, we are of opinion that the court did not err in this case in refusing to give the following written charge requested by defendant, to wit, "The court charges the jury that, under the evidence in this case, you cannot find the defendant guilty of manslaughter in the first degree," because, as has been often held, such a charge is confusing and misleading as applied to a case where the offense charged is, as here, divided into degrees, since the charge omits to require a consideration by the jury of the other degrees charged.—*Stoball v. State,* 116 Ala. 454, 23 South. 59; *Olive v. State,* 8 Ala. App. 178, 63 South. 36.

Charges 2 and 6 were each properly refused, since each predicated an acquittal of defendant upon a belief by the jury that the shooting was accidental and ignored the question as to whether or not he was intentionally pointing the gun at her, and, if not, as to whether in handling it he was or not guilty of gross negligence. —Authorities supra.

Charge 7 ignores the consideration of the whole evidence.

Charge 12, if not otherwise faulty, is argumentative.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.