# *Ex Parte* Western Union Tel. Co. *v.* Baker.

### Delay in Delivering Telegram.

(Decided December 16, 1915.   70 South. 633.)

Telegraphs and Telephones; Delay in Delivery; Evidence.—Where the action was for delay in delivering a telegram, the testimony of the manager of the telegraph company as to what the messenger boy said to him, and as to what he said to the boy in and about the delivery of the telegram, and pending delivery thereof, as to ascertaining the whereabouts of the addressee, along with acts relating to the service which defendant had obligated itself to perform, was admissible as part of the res gestae.

[Ex Parte Western Union Tel. Co. v. Baker.]

CERTIORARI to Court of Appeals.

B. N. Baker sued the Western Union Telegraph Company for damages for delay in delivering a telegram, and obtained judgment therefor. The telegraph Company appealed to the Court of Appeals, where the judgment was affirmed. (14 Ala. App., 69 South. 246.) Defendant telegraph company brings certiorari to review and revise such judgment. Writ granted and cause reversed and remanded.

PETTUS, FULLER & LAPSLEY, for petitioner. KEITH & WILKINSON, and R. H. MANGUM, for appellee.

McCLELLAN, J.—This was an action ex delicto. The complaint charged that the defendant, the petitioner here, through its agents, or servants, willfully and wantonly failed to deliver a telegraphic message sent from New York to Bert Baker at Selma, Ala. Under the complaint the plaintiff might have recovered upon adequate proof of the aggravated wrong alleged, if it was committed by either the manager of the telegraph company at Selma or by the messenger boy in its employ at that point. Sims, the appellant's manager at Selma, was examined as a witness. The following testimony of the manager was excluded at plaintiff's instance by the trial court: "And the boy (meaning the messenger boy) returned to me (with the telegram undelivered) and told me he got the information at Smith's grocery store that Bert Baker, the sendee of the telegram, was out of town, and had gone to New York, and that Smith's store was the place where Baker hung out, or that he had an office above Smith's store."

"On the return of the boy and his report, he was instructed to go around to all of the hotels and had failed to find him (Baker)."

"It was my information that Mr. Baker's headquarters were at Smith's grocery store, or that he had an office above, and that when he was in town he could always be found at Smith's grocery store; this information having been furnished me by the messenger boy."

The Court of Appeals ruled that the trial court was correct in excluding the quoted matter.

Where a material issue includes the inquiry whether a party charged has acted prudently, wisely, or in good faith, the in-

[Ex Parte Western Union Tel. Co. v. Baker.]

formation on which he acted, whether in fact true or not, is original and material evidence and does not fall under the ban of hearsay rule.—3 Wig. on Ev. § 1789, pp. 2313, 2314; Jones on Ev. § 300; *Pace v. L. & N. R. R. Co.*, 166 Ala. 519, 528, 529, 52 South. 52; *Pullen v. Glidden*, 68 Me. 559, 562. What the messenger boy said to the manager and what the manager said to the messenger boy while engaged in or about the delivery of the message or the ascertainment, pending delivery thereof, of the whereabouts of the addressee, was of the res·gestæ and was admissible along with the acts related to the service the defendant had obliged itself to perform.—1 Greenleaf on Ev. § 184.

In response to the application for rehearing in the Court of appeals, an exception or qualification to the general rule first above stated, for the reasons there stated, commended itself to the judgment of the court. Our opinion is that, since the particular matter of inquiry necessarily involved the matter of information possessed by the messenger and the manager connected with the defendant's Selma office, it was of no consequence that the information each or either had was derived from statements made by the other employee; the question being, to repeat, what information each or both had at the time they were engaged, as stated, in or about the delivery of the message in question. There is no sufficient reason shown for making a distinction in such cases upon the mere fact that the communicant is a co-employee.—*Pace v. L. & N. R. R. Co., supra.*

Upon the single error committed in excluding the stated testimony of the witness Sims, the writ of certiorari is granted, and the judgment of the Court of Appeals is reversed.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.