# Postal Tel.-Cable Co. *v.* Minderhout.

### Injury from Collision with Messenger Boy.

(Decided January 11, 1916.   71 South 89.)

1. **Principal and Agent; Proof; Declaration of Agent.**—In the absence of independent proof of agency, the acts and declarations of an agent, or one purporting to be an agent, are not admissible for the purpose of showing agency.

2. **Same; Independent Evidence.**—Where the action was against a telegraph company for injuries from being run into by one of its messenger boys on a bicycle, and it appeared that the boy came from the direction of defendant's office, that defendant was engaged in delivering messages in the city, and employed boys who used bicycles, that the boy who ran into plaintiff, wore a cap inscribed "Postal Tel. Cable Co.," and had in his hand an envelope closely resembling the particular kind of envelope used by defendant for messages handled by it, evidence that as soon as plaintiff regained her feet, the boy refused to give her his name at her request, and that he said he was delivering a message, was admissible on the question of his agency for defendant.

3. **Trial; Evidence; Limiting.**—Where evidence is properly admitted against the interest of the party, and that party is entitled to have its consideration limited to the purpose for which it was competent, such party has the duty of asking a proper instruction from the court to that effect, and the duty was not on the court to limit the consideration to such evidence.

4. **Evidence; Res Gestae; Statement of Agent.**—Where the action was against a telegraph company for injuries received in a collision with a messenger boy riding a bicycle, and plaintiff asked the boy for his name just after the collision, and the boy refused to give it, his statement that he was delivering a message was admissible as a part of the res gestae, where such answer and statement were the unpremeditated accompaniment of the main facts of the occurrence explanatory of the conduct and purposes of the participants, and were produced by and instinctive upon the occurrence, and virtually a part of it, rather than a retrospective narration of any matter connected with it.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Mrs. Leila Minderhout against the Postal Telegraph-Cable Company for damages for injury received in a collision with one of its messenger boys.   Judgment for plaintiff and defendant appeals.   Affirmed.

(This cause was reviewed by the Supreme Court upon certiorari to the Court of Appeals, and the writ was denied.   See 195 Ala. 420, 71 South. 91.—Reporter.)

[Postal Tel.-Cable Co. v. Minderhout.]

CABANISS & BOWIE, for appellant.　A. G. & E. D. SMITH, for appellee.

PELHAM, P. J.—The appellee, as plaintiff in the trial court, brought an action for damages against the defendant (appellant) for personal injuries alleged to have been sustained on one of the streets in the city of Birmingham, as the result of the plaintiff's having been injured by being run into, or against, by a messenger boy on a bicycle, in the service or employment of the defendant (while acting within the line and scope of his duties as such employee), engaged in or about the delivery of a message. The case was tried on pleas of contributory negligence and the general issue, resulting in a judgment for the plaintiff.

The plaintiff's evidence on the trial, in part, tended to show that the boy, riding a bicycle and coming from the direction of the defendant's office in the city of Birmingham about a block away, ran his bicycle over or against the plaintiff while she was waiting at a proper and customary place on a street crossing for the purpose of boarding a street car. It was also shown that the defendant, as part of its regular business, was engaged in receiving and delivering messages in the city of Birmingham for a reward; that it employed boys, who used bicycles in the transaction of this business; that the boy in question, at the time of running against the plaintiff with his bicycle, had on a cap bearing the inscription, "Postal Telegraph-Cable Company," and had in his hand an envelope closely resembling the particular kind of envelope used by the defendant for messages handled and delivered by it.

The plaintiff, while testifying as a witness in her own behalf with reference to the messenger boy running into her, was asked the following questions:　(1) "I will ask you what he said when you asked him for his name?"　(2) "Just at the time you were injured, Mrs. Minderhout [the plaintiff], and at the time you were scrambling up from where you were hurt, did the boy say anything to you concerning the delivery of his message; whether he was delivering a message or not?" To the first question the witness answered: "He refused to give me his name." To the second question the following answer was made: "Yes; he said he was delivering a message." The defendant separately objected to each of these questions and separately moved to exclude each of the answers, and duly reserved exceptions to the adverse

rulings of the court in overruling objections to the questions and in refusing to exclude the answers. The only errors insisted upon here relate to these rulings of the court on the evidence. The basis for the objection to this testimony as being inadmissible: First, that declarations of the agent are not admissible for the purpose of proving agency; and, second, because as contended by apellant's counsel, the declarations constituted no part of the res gestæ of the transaction.

(1) It is not to be doubted, nor is the principle questioned by appellee's counsel in brief, that agency cannot be established by the mere declaration of an agent; and that, in the absence of independent proof of the agency, the acts and declarations of an agent, or one purporting to be an agent, are not admissible for the purpose of showing agency.—*Postal Telegraph-Cable Co. v. Lenoir,* 107 Ala. 643, 18 South. 266; *Union Naval Stores Co. v. Pugh, et al.,* 156 Ala. 370, 47 South. 48.

(2) When, however, there is independent proof of other facts from which the inference of agency may be drawn, the acts and declarations of one whose agency is the subject of inquiry, though incompetent to establish agency when there is no other evidence of agency, is competent, in connection with other evidence of agency, for consideration in determining both the fact of agency and the scope of authority. The direct question here presented was considered and the rule stated as above by the Supreme Court in the case of *Birmingham Mineral R. R. Co. v. Tennessee Coal, Iron & R. R. Co., et al.,* 127 Ala. 137, 145, 28 South. 679, approvingly citing *McClung v. Spotswood,* 19 Ala. 165, *Lytle & Co. v. Bank of Dothan,* 121 Ala. 215, 26 South. 6, and *United States Life Ins. Co. v. Lesser,* 126 Ala. 568, 28 South. 646, declaratory of the same rule. In the instant case there is ample evidence of independent facts and circumstances showing agency, or affording a basis for such inference, aside from the declarations, to make them competent evidence in that connection for the purpose of determining the fact of agency.

(3) The duty did not rest upon the court, as insisted, to limit or qualify the consideration of the evidence. If properly admitted, and if the party against whose interest it was admitted was entitled to have its consideration limited to the purposes for which it was competent, the duty rested upon him to ask a proper instruction from the court to that effect.—*Hanners v. State,* 147 Ala. 27, 41 South. 973.

[Postal Tel.-Cable Co. v. Minderhout.]

(4) It is further contended that the declarations are inadmissible as they do not constitute a part of the res gestæ of the transaction. The question of the admissibility of this proof as part of the res gestæ was for the trial court, and it should not be put in error for admitting it, unless this court would be justified in affirming that it appears with reasonable certainty that the declarations and acts admitted were not the unpremeditated accompaniments of the main facts of the occurrence, explanatory of the conduct and purposes of the participants, and were, in fact, subsequent declarations, so separate in point of time that they should be attributed to subsequently formed motives or purposes.—*Lunsford v. State,* 2 Ala. App. 38, 56 South. 89. We cannot affirm that the declarations admitted by the court did not constitute part of the substantive transaction—were not within the res gestæ of the occurrence. We think that they were produced by, and instinctive upon, the occurrence to which they relate and virtually a part of it, rather than a retrospective narration of any matter connected with it—not the mere statement of facts as held in memory of a past transaction. It is reasonably clear that they sprang out of the occurrence and stand in the relation thereto of an unpredemitated result, instinctive upon the happening, a product of it, fairly precluding the idea of deliberate after-formed design in making them. Declarations made on the scene of the transaction immediately afterwards in the presence of the parties may form part of the res gestæ, provided they are so closely connected as to be virtually part of the entire transaction and are unpremeditated and instinctive upon the main occurrence to which they relate, and serve to elucidate or explain it, rather than, and as distinguished from, being the retrospective narration of past occurrences.—*Nelson v. State,* 135 Ala. 83, 30 South. 728; *James v. State,* 12 Ala. App. 16, 67 South. 773; *Ala. Great Southern Railroad Co. v. Hawk,* 72 Ala. 112, 47 Am. Rep. 403. See, also, *Ex parte Western Union Telegraph Co.* (*Western Union Telegraph Co. v. Baker*), 195 Ala. 359, 69 South. 246.

We think the court's rulings on the evidence complained of are free from error.

Affirmed.