155 So. 530

## NEW YORK LIFE INS. CO. v. BEASON.

### 6 Div. 458.

Supreme Court of Alabama.
June 7, 1934.

Rehearing Denied June 28, 1934.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

W. A. Jacobs, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by plaintiff against the New York Life Insurance Company upon a policy of life insurance, insuring the life of Willie Octavia Beason, with the plaintiff as beneficiary.

For all purposes of this case, we may regard and treat it as having been tried on the plea of the general issue, and a special plea setting up that the insured committed suicide, there being a provision in the policy contract that "in the event of self-destruction during the first two insurance years, whether sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company, and no more"; and in this plea the defendant duly made tender of the premiums paid, and kept the tender good by the payment of the tender money into court.

A stipulation was entered into between the parties, before entering upon the trial, that the defendant company had due notice of the

death of the insured; that it occurred on November 26, 1930; that the policy sued on was the property of the plaintiff; and that the defendant, prior to the filing of the suit, had tendered to the plaintiff the sum of $23.-67, asserting at the time that the amount so tendered was the full amount due under the suicide clause of the policy.

There were verdict and judgment for the plaintiff assessing her damages at $1,200.

The insured was a young married woman still in her twenties, and apparently happily married. The testimony relied upon to show that her death was the result of suicide was wholly circumstantial.

Only two errors are here argued and insisted upon for a reversal of the cause. The defendant, upon the conclusion of the court's oral charge, requested the following charge which was in writing: "The court charges the jury that the burden is on the plaintiff to reasonably satisfy you from the evidence in this case that assured Octavia Buckner did not commit suicide."

The above charge misplaced the burden of proof, and was therefore refused without error. This case is wholly different from the case of Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728, 729, as we shall undertake to demonstrate.

[1] The rule of our decisions is that, where the plaintiff, in stating his cause of action, must affirm a negative, he has the burden of proving the negative averment, unless the facts are peculiarly within the knowledge of the defendant. Protective Life Ins. Co. v. Swink, supra; Rogers v. Brooks, 105 Ala. 549, 17 So. 97; Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33.

In the Swink Case, supra, the action was on the double indemnity clause of the policy, and, by the contract as pleaded, the defendant agreed to pay the plaintiff, as the named beneficiary, the "sum of ten thousand dollars in the event (the death of the insured) resulted from bodily injury within ninety days after such injury, directly and independently of all other causes, effected solely through external, violent and accidental means." The complaint in that case followed and was predicated upon the above provision of the contract. It therefore devolved upon the plaintiff to make good by proof the negative averment that Swink's death did not result from suicide, or, to state the proposition more accurately, the burden was, by force of plaintiff's averment, upon her to show that the death was due to accident, and not to suicide.

In the policy contract sued upon, in the general clause, the defendant obligated itself to pay the named beneficiary, upon due proof of death of the insured, the sum of $1,000, but by a subsequent clause—separate and distinct—constituting an exception, it was stipulated that, in the event of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under the policy shall be a sum equal to the premiums thereon which have been paid to and received by the company, and no more. The exception was not incorporated in the general clause. The plaintiff could rely upon the general clause in the statement of his cause of action, and set out that clause only, and was not required to notice the separate and distinct clause, which operated as an exception to liability. Such exception constituted defensive matter, and, to be availing, the defendant must plead the defense afforded by the exception, and must sustain the plea by evidence to the reasonable satisfaction of the jury. Joseph H. Lunt v. Ætna Life Ins. Co., 253 Mass. 610, 149 N. E. 660; Commonwealth v. Hart, 11 Cush. (Mass.) 130, 134. The principle announced in the Lunt and Hart Cases, supra, received the approval of this court in the Swink Case.

The defendant duly filed plea in the cause bringing forward the defense that the assured committed suicide, and tendering the full amount due for premiums paid on the policy. The burden of sustaining this plea was cast thereby on the defendant.

Charge 7, requested in writing by the defendant, misplaced the burden of proof, and therefore was properly refused by the court. Authorities supra.

It is next insisted that the court committed error to reversal in overruling the defendant's motion for new trial. Error is imputed to the court in this respect upon only two propositions, viz., in refusing to charge the jury in the language of its refused charge 7, and in holding that the evidence was sufficient to sustain the verdict.

From what we have said above, it will be seen that the first proposition is untenable.

The evidence relied upon to show self-destruction, as well as that tending to disprove suicide, was wholly circumstantial, and afforded conflicting inferences, and, as we see it, left the conclusion to be drawn therefrom a matter entirely for the jury. The jury, by their verdict, found against the theory of

142

suicide, and the court, after a full consideration of the evidence on the motion for a new trial, sustained the finding of the jury.

■ The law presumes that a normal, sane person will not commit suicide, and this presumption, referred to in the books as a presumption of innocence, is not merely an administrative feature intended only to "shift the burden of proceeding with the evidence" to the opposite party. It is a substantive right and not a mere "technical incident of the trial wrought for administrative purposes." It does not spend its force as substantive evidence until the testimony in the case is sufficient, in the judgment of the jury, to overcome it. Mutual Life Ins. Co. of N. Y. v. Maddox, 221 Ala. 292, 128 So. 383; New York Life Ins. Co. v. Turner, 213 Ala. 286, 104 So. 643.

■ We have carefully read and considered all the evidence in the case. In view of the evidence tending to negative the theory of suicide, aided by the presumption of innocence indulged by the law, we cannot affirm that the verdict was contrary to the great weight of the evidence, and that the trial court committed error in not granting the defendant's motion for a new trial.

The foregoing disposes of the two questions presented by the record, and which have been here argued. Finding no reversible error, it follows that the judgment appealed from must be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.