185 So. 743

**WESTERN UNION TELEGRAPH CO.
v. GORMAN.**

1 Div. 16.

Supreme Court of Alabama.
Dec. 22, 1938.

Rehearing Denied Jan. 26, 1939.

Lyons & Chamberlain, of Mobile, for appellant.

148

Harry T. Smith & Caffey, of Mobile, for appellee.

FOSTER, Justice.

This is an action at law for personal injuries occasioned by being run against by a boy riding a bicycle in a one way street in Mobile. He was traveling in the wrong direction in violation of a city ordinance. The defendant here makes no contention but that he thereby wrongfully caused the injury.

The sole controversy on the right to recover, as contended in appellant's brief, was whether the boy was acting in the line and scope of his authority.

The evidence for plaintiff on that issue tended to show that at the time of the accident, about 4 P. M., he was wearing a Western Union uniform, and his name was Benjamin Howard.

The evidence for defendant shows without contradiction, other than as implied by that just stated, that this boy was working afoot for defendant in uniform that day until 2:35 P. M. distributing circulars, when he turned in his uniform and sought and obtained a job as a regular messenger boy, with better pay. That, after turning in his uniform, he, wearing his ordinary clothes, went to get his bicycle out of the shop. The messenger boys were required to own their bicycles, and he owned the one he was riding. That as he was riding from the shop to the defendant's office, and near it in the same block, not in uniform and on his own bicycle, to see about getting a change in his employment for a better job, the accident occurred. When he reached the office after the accident to plaintiff and after some detail of conversation and instructions, he was told by defendant's manager that he would be put to work the next day in the capacity of a messenger boy, but to get on a uniform and go out that afternoon or night and ride along with some of the other messenger boys to see how the work was done. The accident did not occur while he was with the other boys.

The evidence also showed that the boys were never allowed to be in uniform except when on duty or at lunch. That the uniforms were kept by defendant at its office.

The trial resulted in a verdict for defendant. Thereupon plaintiff made a motion for a new trial which was granted and defendant appeals, assigning as error that the new trial was improperly granted.

The chief reliance for error to justify the judgment is made upon charge No. 7, given for defendant. It is as follows: "The court charges the jury that the burden is upon plaintiff to prove by the evidence in this case to your reasonable satisfaction every material allegation of her complaint and if she has not so reasonably satisfied you by the evidence, then you must find a verdict for the defendant."

The insistence is that under its terms plaintiff must prove the material allegations of both counts of the complaint before she can recover on either, whereas proof of either count is sufficient. The two counts were (1) for negligence and (2) for a wanton or wilful injury. There was no plea of contributory negligence.

From the evidence the jury might have found that the boy negligently caused the accident or that it was the result of his wanton or wilful misconduct.

The two counts of the complaint are in substantially the same words, except in (1) it is alleged that the agent or servant of defendant "negligently caused or allowed a bicycle which he was then and there riding to run upon or against plaintiff," and in (2) that the agent or servant "wantonly injured the plaintiff by wantonly causing or allowing a bicycle, which he was then and there riding to run upon or against her."

In the oral charge of the court to the jury, he called their attention to the difference in the counts, and charged them that the plea of the general issue "places at all times the burden on the plaintiff to reasonably satisfy you as to the truth of the material allegations of either one of the counts of the complaint," and further as follows:

"The law requires—the burden under these pleadings is placed all of the time on the plaintiff. The plaintiff must reasonably satisfy you as to the truth of the material allegations of the complaint. Now, what are the material allegations in either one of these counts? First, that this defendant was the master or employer of Benjamin Howard, who, the evidence tends to show, committed the accident. You are to be reasonably satisfied from the evidence of that element; that is, that this man was an agent or employee of the defendant at the time and place the accident occurred; and you must also determine, and be reasonably satisfied from the evidence, that he was acting within the line and scope of his authority. Line and scope—line means the sort of duties, and scope means the authority. See whether this boy on the bicycle was acting within the line and scope of his authority or instructions at the time this accident is alleged to have occurred.

"Now, if you are reasonably satisfied from the evidence that the plaintiff has borne the burden imposed upon her by

either form of the plea of the general issue as to the truth of the material allegations of the complaint, that this boy on the bicycle at the time of the accident was the agent or employee of defendant and that he was acting within the line and scope of his authority at the time the accident occurred, then it is your duty to return a verdict for the plaintiff. Under the second count, wanton negligence, it is claimed that he wantonly while riding a bicycle, wantonly ran upon this plaintiff, breaking her ankle, and causing the other injuries that she sustained."

In granting the motion for a new trial, if it was because of charge 7, supra, the trial court was evidently induced by the case of Birmingham Ry., L. & P. Co. v. Hunt, 200 Ala. 560, 76 So. 918, cited in briefs.

Taking the two cases at their face value, the principle would seem to be equally applicable to them both. While that case was decided by a bare majority of the Court, as then constituted, we will not undertake to impeach it.

■ We think upon an analysis of the instant case, in connection with the court's oral charge, a different result should be here reached. It is true, as contended, that if the court gives an erroneous and prejudicial charge at the request of a party, the error ordinarily works a reversal, though the court correctly charged the jury otherwise. New York Life Ins. Co. v. Jenkins, 229 Ala. 474, 158 So. 309.

■■ But the error here, if any, is upon the assumption that the court meant by the charge to declare that it was not only necessary to prove the preliminary facts alleged in both counts, which are the same in each, but also both the inconsistent ultimate facts: negligence, and wantonness or wilfulness. We say inconsistent advisedly, because proof of either will not support a verdict for the other. Louisville & Nashville R. Co. v. Markee, 103 Ala. 160, 15 So. 511, 49 Am.St.Rep. 21; Clark v. Birmingham Electric Co., Ala. Sup., 181 So. 294;[1] Louisville & Nashville R. Co. v. Perkins, 152 Ala. 133 (3), 44 So. 602. Taken on its face and alone the charge does not state a correct principle, as interpreted in the Hunt Case, supra. It is a solecism. Defendant cannot be both simply negligent and wanton at one and the same time by virtue of the same act. He is one or the other, if either. But while an erroneous charge given in writing is not neutralized by a correct charge, it should be interpreted in the light of the incidents of the trial, including the court's oral charge, to determine if there was prejudice in giving the charge. Here, the court had instructed them that proof of either the negligence count or wanton count would justify a verdict for plaintiff, and then proceeded to specify the facts necessary to be proven (no reference is here made to negligence or wantonness). Chief among them was whether the boy was acting in the line and scope of his authority as agent or employee of defendant.

■ When charge 7 refers to the material allegations of the complaint, and the oral charge specifies in detail what are the material allegations which must be proven, we think that to an ordinary person charge 7 would be understood as referring to the same facts which were in that connection stated in detail by the court. Taken in connection with the oral charge, the fair inference is that the court meant to say that the material allegations of the complaint must be proven but they are as has been stated in the oral charge. So understood, there would be no prejudice in giving the charge (Rule 45), though taken alone and strictly construed it may have been error as in the Hunt Case, supra.

We do not think, in view of that situation and of the really controverted issues, that we would be willing to sustain the judgment of the trial court in granting a new trial on account of giving charge 7, if that were the only error in the main trial.

■ But we think there was also error in giving charge No. 15, which is as follows: "The burden of proof is upon the plaintiff to show that the proximate cause of the plaintiff's injuries was the direct result of the negligence of the rider of the bicycle in question and further that the rider of said bicycle was the servant, agent or employee of the defendant and was acting within the line and scope of his authority as such servant, agent or employee of the defendant in the operation of said bicycle and if you are not reasonably satisfied from all of the facts that the plaintiff has so proven, then your verdict must be for the defendant."

---

[1] 236 Ala. 108.

This charge requires a verdict for defendant unless the accident was the direct result of the negligence of the boy riding the bicycle. That means simple negligence. It in terms excludes other considerations. Simple negligence must be proven. Wantonness will not therefore justify a verdict for plaintiff. But it is not contended that the jury could not find from the evidence that the injury was wantonly done instead of being simply negligently done. We have cited cases to show that neither includes the other.

A charge not numbered was also given at the instance of defendant, which we will designate as "A", as follows: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that the accident complained of occurred while Benjamin Howard was riding with other Western Union messenger boys and that at said time, he was doing so for his own benefit, and not on any business of the Western Union then you cannot find a verdict for the plaintiff."

■ The evidence was that when Benjamin Howard was riding with the other messenger boys that afternoon or night, he was in uniform under instructions from defendant and under its control and direction. The mere fact that he was not to receive compensation, and that he was simply becoming better acquainted with the duties on which he was to enter the next day, are not sufficient to reflect upon the conclusion that he was then and there engaged in the business of defendant. Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906; Alabama G. S. R. Co. v. Burks, 148 Ala. 113, 41 So. 638. Although he was learning the business and to that extent it was for his benefit, that did not change his relation. The charge implies that by that circumstance he was not engaged in any business of defendant. We do not agree with that contention.

There was no evidence that at the time of the accident he was with the other boys. But without dispute the evidence is that he was riding with them some time afterwards that day. However it was an erroneous charge given at the request of defendant. So that we have a case where three erroneous charges were so given. Perhaps neither charge 7 nor "A", taken alone, would be considered prejudicial.

But there was also charge 15, which was erroneous.

■ The trial court set aside the verdict and judgment with full knowledge of the incidents of the trial, considering the question of whether prejudice resulted. We do not think his judgment should be reversed, since the record shows the giving of at least three charges which were erroneous.

Charge No. 6 was subject to the same comment as charge No. 7.

Appellant contends that the new trial should not have been granted, because, notwithstanding some error may have occurred in charging the jury at his instance, he was entitled to the affirmative charge as requested in writing, and therefore any such erroneous charges could not have prejudiced plaintiff. The argument is that the only evidence that the boy who collided with and injured plaintiff was a servant of defendant in the line and scope of his authority was that of plaintiff's witnesses that he was in the uniform of defendant.

■ The theory is that this, if sufficient at all, is only ground for an administrative presumption governed by the same rule which applies when it is shown that a car which has injured plaintiff was owned by defendant. The law then raises an administrative presumption that the one who was operating it was the owner's agent, acting in the line and scope of his authority. But if defendant proves without dispute or adverse inferences that the driver was not defendant's agent, or was not then acting in the scope of his authority, he is entitled to the affirmative charge. This presumption is not an inference of fact, but only serves in place of evidence, because the truth of the matter is peculiarly known to defendant and not to plaintiff. It results that the presumption ceases to be effective when defendant has offered evidence to the contrary. See the cases cited in Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897.

We do not say that the principal would not be here applicable if there did not appear during the progress of the trial, offered by plaintiff or defendant, some circumstance which tended to impeach the evidence of defendant, or to be sufficient to support an inference that the boy was acting in the line and scope of his authority, rather than that it depends upon a mere administrative presumption.

With respect to fires set out by a railroad company, defendant's evidence of due

care and proper equipment will not support the general charge if the evidence also shows that on that occasion there were emitted from the engine sparks of unusual size, amount and condition, since from that circumstance an inference of negligence or improper equipment may be drawn, so as to put the question to the jury, notwithstanding the otherwise uncontradicted evidence of defendant. Southern Ry. Co. v. Ross, 215 Ala. 293, 110 So. 369; Louisville & Nashville R. Co. v. Smith, 222 Ala. 618, 133 So. 905; Pollard v. Treadwell, 234 Ala. 615, 176 So. 452.

Here the evidence is that the messenger boys in uniform are on duty, except when at lunch. The uniforms are kept by defendant when they are not in use. So that if the jury found that this messenger boy was on that occasion in uniform of defendant, and not at lunch, they could infer from the evidence above noted that he was on duty in the line and scope of his authority, when without such evidence the fact would be only an administrative presumption. If he was in such uniform, that circumstance unexplained contradicts the evidence for defendant that at that time he was not on duty, since he was not at lunch. So that an issue of fact is presented, not one of law. When the evidence is such that its effect is material to determine whether a certain inference may be drawn, that effect does not lose its force as a factor in the trial, but persists until the ultimate facts are decided by the jury.

This theory has been applied to other situations, such as the presumption against suicide. Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 128 So. 383; New York Life Ins. Co. v. Beason, 229 Ala. 140, 155 So. 530. There it is so for the reason that the existence of a trait of human nature is a continuing factor, and is a circumstance material in analyzing the evidence, and is not a procedural expedient. That circumstance may be more or less persuasive but it cannot be eliminated, because its effect is contradicted by other evidence, and is to be given such weight as it deserves upon a consideration of it all.

So here, without the evidence that one in the uniform of a messenger boy is on duty, the fact that one is wearing a uniform may raise only an administrative presumption of his authority, but with that evidence it is a circumstance tending to show his authority, and it does not expire until on the whole evidence, the question of authority is settled by the jury. See Postal Telegraph-Cable Co. v. Minderhout, 14 Ala.App. 392, 71 So. 89; Id., 195 Ala. 420, 71 So. 91.

Appellant has submitted a case decided by the Georgia court holding that the mere fact that the boy has on a uniform of defendant's messengers does not make out a prima facie showing that he was on duty. Clower v. Western Union Tel. Co., 18 Ga.App. 775, 90 S.E. 730. It is a memorandum opinion. We do not know whether that state has adopted the rule of administrative presumptions as applicable to master and servant which Alabama has done or not. This decision seems to conflict with that view.

Another case cited is Green v. Western Union Tel. Co., Mo.App., 58 S.W.2d 772. There the messenger boy was at the lunch period as shown by the undisputed proof, and not then on duty. The question of the probative force of his uniform does not seem to have been involved.

In this case the evidence is, as we have said, that boys when away for lunch though in uniform are not on duty. But Benjamin Howard was not off duty for the lunch hour when he ran against plaintiff. If he had been and there were no evidence which contradicted that of defendant that though in uniform he was not then on duty, we would have a different question than now before us.

And so in the case of Western Union Telegraph Co. v. Phelps, 160 Va. 674, 169 S.E. 574, cited by appellant, the boy was wearing his uniform trousers out of the territory of his jurisdiction on his way home to get his locker key to return to the office and put his trousers in the locker at the office. The evidence showed that they were required to change their uniforms while going off duty and place them in a locker, but it sufficiently accounted for the fact that he had on a part of his uniform without being on duty. That case held that defendant was entitled to a judgment.

But in this case, the issue is clearly drawn as to whether he had on his uniform. It did not undertake to show that though he had it on at this time, he was not on duty. He was not at lunch. Defendant admits that his uniform is evidence of his authority except at lunch. So that if the jury accept as true the evidence that he was in uniform, it tends to

reflect upon the evidence that at that time and place he was not on duty; there being no explanation of his wearing it when he was not in the line of his duty. In the Virginia case, above, such explanation was made without conflict. He there admitted that he had on part of his uniform, but explained that circumstance in a way consistent with being off duty. Here there is no explanation of why he had on the uniform off duty, but a denial that he had it on.

It follows that there was no reversible error in granting a new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

PER CURIAM.

Application overruled.

GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.