32 So.2d 362

**DUKE et al. v. WILLIAMS.**

**6 Div. 603.**

Supreme Court of Alabama.

Oct. 30, 1947.

Wilkinson & Skinner, of Birmingham, for appellant.

576

Gibson & Hewitt, of Birmingham, for appellee.

BROWN, Justice.

This is an action of trespass on the case by Evrin Williams, a minor suing by next friend, against Arthur Duke, an individual doing business as Duke Coal & Coke Company, seeking to recover damages for personal injuries inflicted upon the plaintiff on October 4, 1945, about 1 o'clock p. m., by a coal truck operated out of defendants' coal yard located at No. 4539 Georgia Road, a public paved highway. The case went to the jury on count one of the complaint and the defendants' plea of the general issue, pleaded in short by consent with leave to make proof of any fact that would constitute a good defense if specially pleaded, and like leave to plaintiff to offer countervailing evidence on such special issue. Said count catalogued plaintiff's injuries as follows: "His limbs, back, sides, abdomen, chest, and other parts of his body, were cut, bruised, lacerated, contused, sprained, strained, and injured, his nervous system was greatly shocked and impaired, and he was made sick and sore and ill for a long period of time, and was caused to suffer great physical pain and mental anguish, and was put to much trouble, annoyance, inconvenience and expense in and about his efforts to heal and cure his said wounds and injuries."

Said count further avers: "That all of his said injuries and damages were caused as the proximate result of the negligence of the said servant, agent or employee of the defendants, acting within the line and scope of his employment as such servant, agent or employee of the defendants in and about the operation of said motor vehicle at said time and place."

The trial resulted in a verdict and judgment for the plaintiff for $100 from which this appeal is prosecuted.

The major insistence here is that the circuit court erred in refusing defendants' specially requested affirmative charge in his favor, and in the alternative, if defendant was not entitled to the affirmative charge, the verdict is contrary to the great weight of evidence and the court erred in overruling the defendants' motion for a new trial.

The evidence shows without dispute that the truck which caused plaintiff's injuries was in charge of and being driven by Ed Manasco, alias "Johnny-Boy", that it was loaded with coal at defendants' coal yard and was proceeding west in the opposite direction from said coal yard on Georgia Road, a public highway. That on the body of the truck was plainly painted the words "Duke Coal & Coke Company" together with the telephone number and address of defendants' Georgia Road coal yard. That said coal yard was owned and operated by the defendant Duke at the time of said injuries and long prior thereto and since. That the truck carried a license tag No. 1

H2 3363 issued to the defendant Arthur Duke on the 10th of November, 1944, for the year 1944–45. That no transfer appears on the license record in the offices of the Judge of Probate of Jefferson County, Alabama, or the license commissioner therein, showing any change of ownership. That the driver of said truck was working in delivering coal from said coal yard and driving said truck in October, 1945. The evidence further shows that about 1 o'clock p. m. on the day of plaintiff's injury, the plaintiff and another boy were walking along the curbing on said Georgia Road when they discovered the truck moving toward them at a rate of about 35 to 40 miles per hour "wabbling" from side to side on the road, and to escape being stricken they ran up on the porch of a residence located on the side of the road some few feet from the curbing, and the truck ran into and smashed the porch and struck the two boys down, injuring them.

There was evidence going to show that the plaintiff suffered the injury and damages catalogued in the complaint, except the expenditure of money to heal his injuries. This element of damages was charged out by the court.

The defendant offered evidence going to show that he sold all trucks formerly owned and used in making retail coal deliveries from his said yard on July 21, 1945, to one M. S. Felkins, who was then and immediately previous thereto one of his employees. Defendant offered evidence further going to show the sale to Felkins of certain concessions and businesses,—a filling station and automobile parts store. Defendant produced an application for license signed by Felkins dated November 15, 1945, covering said truck and the issuance of a license therefor, for the years 1946–47.

Defendant also adduced an unrecorded conditional sales contract purporting to have been executed by M. S. Felkins and witnessed by J. M. Duke and W. T. House, defendant's employee in the coal yard, on July 21, 1945, who testified as to its execution by Felkins, for the sale to Felkins of a number of trucks listed in the paper offered in evidence, including the truck causing plaintiff's injury, which said conditional sale agreement embodied the following reservation: "I agree to keep said property at my residence No. 4529 Georgia Road Street and not to remove same without the written consent of the said Arthur Duke."

The defendant also adduced duplicate certificates of transfer of used commercial motor vehicles made Exhibits 3 and 4 to defendant's evidence on an OPA form filled out by defendant who testified that he acquired the information respecting the prices entered therein from the OPA and covering the 1½ Ton truck. These duplicate certificates indicated M. S. Felkins as the purchaser, giving his city and postal zone number as 4529 Georgia Road, Birmingham, Alabama, and Arthur Duke as the seller, giving his city and postal zone number as 5325 So. 7th Street, Birmingham, but in the blank for the signature of the purchaser, there is no signature. Arthur Duke's name appears to have been signed to this certificate but the certificate shows no action of the OPA Board.

The evidence without dispute shows that Felkins made no payments on said trucks, although he agreed in the purported conditional sale contract to pay $100 per month thereon. The evidence further tended to show that Felkins had absconded and before the trial defendants had repossessed the trucks. The defendant offered evidence going to show that he made a contract with Felkins to make delivery from the coal yard of all coal sold at retail on a tonnage basis, and that the drivers of said trucks were employed by Felkins. There was evidence further tending to show that no change was made in the method of conducting the business on account of said alleged sale and transfer to Felkins and that both defendant and House, his General Manager, directed the drivers in respect to deliveries and that in some instances the drivers collected from the purchaser of the coal and returned the proceeds to the defendant's office.

Defendant also adduced a number of checks issued by defendant through his general manager Humphrey T. House on the first National Bank of Birmingham, Alabama, payable to Felkins purporting to be for hauling and delivering coal on the tonnage basis. All of said checks appear to have been endorsed by Felkins and House

or Felkins and Duke. Said checks were issued on dates running from September 1 through October 31, 1945, stamped "paid" by the Woodlawn Branch—First National Bank—by tellers No. 1 and 2. There was also evidence tending to show, after the alleged sale to Felkins, defendant procured additional insurance coverage on said trucks.

Appellant insists in brief:

(a). "The mere administrative presumption of ownership arising from the payment of the license for the vehicle and the issuance of the tags to the payor is rebuttable and is entirely overcome and its value as proof utterly destroyed by countervailing testimony. * * *"

(b). "When, as here, defendant proves without dispute or adverse inference that the driver was not defendant's agent, he is entitled to the affirmative charge. * * *"

To support this contention defendant relies on Shipp v. Davis, 25 Ala.App. 104, 141 So. 366, Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897, and Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743.

The substance of the holding in the first-cited case is that the presumption that one to whom license for automobile driven by another at time of accident was issued owned it, may be entirely overcome by countervailing testimony. And in that case, to quote from the opinion [25 Ala.App. 104, 141 So. 367] "The undisputed testimony of Dr. M. G. Shipp, Jack Shipp, and the witness from whom the automobile was purchased is to the effect that title and possession to the car passed to defendant Jack Shipp on the day the automobile was purchased; that Dr. Shipp never had possession of the car, and exercised no control or dominion over it. The defendant Jack Shipp was over twenty-one years of age, and had by virtue of his age passed from the legal control of his parents. There can be no doubt from the evidence in this case that the car was the property of defendant Jack Shipp and that the defendant M. G. Shipp had no interest in or control over it."

In the second case cited, the holding was:

"The doctrine has many times been stated in recent Alabama cases that when plaintiff, in a damage suit for the negligent operation of a car, proves that the car causing the damage was owned by defendant, the law raises an administrative presumption that the one who was operating it was the owner's agent, and was acting within the line and scope of his authority. * * *"

"And it is also frequently asserted that if the evidence in rebuttal of that presumption is without dispute, and leads to no doubtful inference, to the effect that the driver was not defendant's agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment, the affirmative charge is due defendant. * * *"

In that case it was held that the evidence was without dispute that the car in question belonged to the defendant but at the time of the accident it was being driven by the husband of a prospective purchaser for exhibition to her; that the husband was not the agent, servant or employee of defendant in driving the car and, therefore, defendant was not liable.

In the other case cited, there was a verdict for defendant, which on motion for new trial was set aside and new trial granted. The case involved a collision between a bicycle being used and operated by a boy wearing a uniform of the telegraph company and to quote from the opinion [237 Ala. 146, 185 So. 747]:

"* * * The argument is that the only evidence that the boy who collided with and injured plaintiff was a servant of defendant in the line and scope of his authority was that of plaintiff's witnesses that he was in the uniform of defendant.

"The theory is that this, if sufficient at all, is only ground for an administrative presumption governed by the same rule which applies when it is shown that a car which has injured plaintiff was owned by defendant. The law then raises an administrative presumption that the one who was operating it was the owner's agent, acting in the line and scope of his authority. But if defendant proves without dispute or adverse inferences that the driver was not defendant's agent, or was not then acting in the scope of his authority, he is entitled to the affirmative charge. This presumption is not an inference of fact, but only serves in

place of evidence, because the truth of the matter is peculiarly known to defendant and not to plaintiff. It results that the presumption ceases to be effective when defendant has offered evidence to the contrary. See the cases cited in Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897.

"We do not say that the principal would not be here applicable if there did not appear during the progress of the trial, offered by plaintiff or defendant, some circumstance which tended to impeach the evidence of defendant, or to be sufficient to support an inference that the boy was acting in the line and scope of his authority, rather than that it depends upon a mere administrative presumption.

"With respect to fires set out by a railroad company, defendant's evidence of due care and proper equipment will not support the general charge if the evidence also shows that on that occasion there were emitted from the engine sparks of unusual size, amount and condition, since from that circumstance an inference of negligence or improper equipment may be drawn, so as to put the question to the jury, notwithstanding the otherwise uncontradicted evidence of defendant. * * *

"Here the evidence is that the messenger boys in uniform are on duty, except when at lunch. The uniforms are kept by defendant when they are not in use. So that if the jury found that this messenger boy was on that occasion in uniform of defendant, and not at lunch, they could infer from the evidence above noted that he was on duty in the line and scope of his authority, when without such evidence the fact would be only an administrative presumption. If he was in such uniform, that circumstance unexplained contradicts the evidence for defendant that at that time he was not on duty, since he was not at lunch. So that an issue of fact is presented, not one of law. When the evidence is such that its effect is material to determine whether a certain inference may be drawn, that effect does not lose its force as a factor in the trial, but persists until the ultimate facts are decided by the jury.

"This theory has been applied to other situations, such as the presumption against suicide. Mutual Life Ins. Co. [of New York] v. Maddox, 221 Ala. 292, 128 So. 383; New York Life Ins. Co. v. Beason, 229 Ala. 140, 155 So. 530. There it is so for the reason that the existence of a trait of human nature is a continuing factor, and is a circumstance material in analyzing the evidence, and is not a procedural expedient. That circumstance may be more or less persuasive but it cannot be eliminated, because its effect is contradicted by other evidence, and is to be given such weight as it deserves upon a consideration of it all.

"So here, without the evidence that one in the uniform of a messenger boy is on duty, the fact that one is wearing a uniform may raise only an administrative presumption of his authority, but with that evidence it is a circumstance tending to show his authority, and it does not expire until on the whole evidence, the question of authority is settled by the jury. See Postal Telegraph-Cable Co. v. Minderhout, 14 Ala.App. 392, 71 So. 89; Id., 195 Ala. 420, 71 So. 91."

Appellant's argument overlooks or ignores the infirmities in defendant's evidence and the fact that the coal truck not only was operated under a license issued to defendant but carried on its body evidence that it was the property of the defendant doing business as Duke Coal & Coke Company. We are, therefore, of opinion that the question of agency of the driver of the truck causing the injury was a question for jury decision. We are not persuaded that the verdict of the jury is contrary to the great weight of the evidence.

It is also insisted that proof of the fact that the alleged sale by defendant to Felkins was not entered on the license record in the office of the judge of probate is error to reverse, the insistence being that § 706, Title 51, Code of 1940, is merely a criminal statute, making such failure a misdemeanor and subjecting the parties for failure to report such change in ownership to a fine of not less than $20 nor more than $100. The original act, which was codified without change, contains the following: "Provided, each and every change of ownership of such automobile, or other motor vehicle, and the name and address of the new or successive owner are noted by the probate

judge on his record of the license and reported by him within ten days after such change in ownership is reported to him to the department of revenue, *and it shall be the duty of the old and new and successive owners to report such change in ownership to the probate judge within five days from such change in ownership."* [Italics supplied.]

■ We are of opinion, therefore, that failure of the parties to make a report to the probate judge as required by statute is some evidence that there had been no change in ownership, and was relevant to the question of the bona fides of the sale. Such record is provided for the benefit of members of the public who may be injured in consequence of the negligent operation of such vehicle as well as for information of the revenue department for tax purposes.

The argument of appellant that the defendant reserved no right to interfere with Felkins' work but only required it to be done by him and by men who were working under him in conformity with the contract does not take account of some of the evidence going to show that in the alleged transaction between defendant and Felkins, defendant reserved control over the movement of said trucks and exercised control over the drivers in the conduct of his business.

■ Charge 19 was properly refused as having misleading tendencies. There is no evidence that Arthur Duke, the defendant, was personally operating the motor vehicle.

■ Charge 18 relates to count 2 of the complaint which was withdrawn.

■ There was no evidence that Felkins personally operated the vehicle which injured plaintiff. The undisputed evidence shows that the truck was operated by Ed Manasco and the question for the jury to decide was whether or not Manasco was the agent or servant of Duke acting within the line and scope of his employment or whether he was the agent or servant of Felkins. Charges 16 and 17 were, therefore, properly refused. This issue was elaborately and clearly stated to the jury in the oral charge of the court.

■ The court, by defendant's given charge 15, instructed the jury that they could not award plaintiff any damages for expenses incident to treatment of his injuries. Charges 11, 12, 13 and 14 were not limited to expenses but related to trouble, annoyance and inconvenience in having his injuries treated and were properly refused.

■ Charges 5, 6, 7, 8, 9 and 10 were properly refused as they sought to preclude the recovery of damages catalogued in the complaint and supported by the evidence.

■ Charge R-19 is abstract.

■ Charge R-20 was covered by the oral charge of the court.

We have examined the other matters discussed in briefs and find no error in the ruling of the court.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.