The trial court held the plaintiff (Boyd) was not an employee of the defendant (City) at the time of her injury and therefore not entitled to workmen's compensation benefits.
The issue is whether an injury sustained while "trying-out" for a position with the City is compensable as a job-related accident. In other words, was Boyd an employee of the City at the time she was injured?
The record shows that Boyd applied with the City for employment with the police department. She was subsequently notified of her eligibility to test for admission to the police academy. She passed a written exam, but during her second attempt to pass a physical agility test, broke her back while dragging a dummy. The record further shows that had Boyd passed the agility test, she would still have had to pass a background investigation, a physical examination, a polygraph, and two interviews with officers of the police department before she would have, in fact, been offered employment by the City as a prospective police officer still to undergo training at the police academy. There is nothing automatic about the application process to become a police officer. Within certain constitutional limits, the City has the discretion to select which of those qualified applicants will be offered employment with the City and admission to the police academy. In short, not all applicants who successfully complete the application process are offered employment with the City. Finally, on the day of her written and physical tests, Boyd signed a form, releasing the City from any liability in the event of her injury as a result of the agility test. Boyd has an M.A. and has taught college-level computer science.
Boyd's main contention on appeal is that she was injured while taking a test simulating on-the-job conditions, and that by so doing she provided a service to the City, "allowing the City to identify those persons [who] were physically unable to handle the conditions that a police officer would meet on his day to day job." She argues that the beneficent purpose and the liberal construction of the workmen's compensation laws should serve to include her injury within its scope.
In support of her argument, Boyd relies heavily on Laeng v.Workmen's Compensation Appeals Board, 6 Cal.3d 771,100 Cal.Rptr. 377, 494 P.2d 1 (1972), which did hold compensable an injury suffered as the result of a physical agility test used to screen prospective city employees. As the court in the case at bar noted, the definition of an employee under California law is broader than that under Alabama law, and the result reached in Laeng can be attributed to that broader definition, which includes "service under any appointment or apprenticeship," in addition to the "contract for hire" definition of the Alabama statute. See § 25-5-1(4), (6), Code 1975.
Boyd also cites several Alabama cases that have found an employer-employee relationship where the statutory requirements for such a relationship were not completely met. See CarrawayMethodist Hospital v. Pitts, 256 Ala. 665, 57 So.2d 96 (1952);Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906 (1925);Alabama G.S. R.R. v. Burks, 148 Ala. 113, 41 So. 638 (1906). Those cases are distinguished from this one in that the purported employees in those cases were receiving wages or training for the apprentice-type work they were doing. The primary distinction between those cases and this one is the type of service the employees provided and the type of benefit the employer received. There, the employees provided a work-related service, be it nursing, operating a railroad brake, or as an apprentice in the funeral business. Here, Boyd was taking a physical agility test as part of an application process to become a police officer, had signed a release in regard thereto, and was injured. Although she exposed herself to risk in trying out for employment with the City, she did so willingly and consciously. The benefit the City received from Boyd's taking an agility test does not rise to the level where a contract of employment can be imputed. *Page 8 
By statute in Alabama, to be an employee under workmen's compensation law means to be "in the service of another under any contract of hire." § 25-5-1(6), Code 1975.
The trial court correctly concluded that the plaintiff's injury is not compensable by the applicable law.
The case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.